No. 48,603

STATE OF KANSAS, *Appellee,* v. DONNIE R. PRITCHETT, *Appellant.*

(567 P.2d 886)

Opinion filed July 11, 1977.

*Brett H. Robinson,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a direct appeal from a conviction for aggravated juvenile delinquency, as defined by K.S.A. 21-3611 (1) (*f*) (now K.S.A. 1976 Supp. 21-3611 [1] [*f*]).

Defendant was adjudicated a delinquent child on November 14, 1975, by the Phillips County juvenile court and was admitted to the youth center at Topeka on December 9, 1975. He ran away from the facility on January 1, 1976. Because of medical problems defendant was transferred to St. Francis Hospital in Topeka on March 9, 1976, for care and treatment. While there he left the facility without permission.

The only issue on appeal is whether defendant was in the custody of a facility or institution, as set forth in K.S.A. 21-3611 (1) (*f*), when he ran away. The statute states:

"(1)  Aggravated juvenile delinquency is any of the following acts committed by any person confined in the state industrial school for boys or in the state industrial school for girls or by any delinquent child or miscreant child, as such terms are defined by K.S.A. 1971 Supp. 38-802, who is confined in any training or rehabilitation facility under the jurisdiction and control of the state department of social welfare:

.       .       .       .       .       .       .       .       .       .       .       .       .       .

"(*f*)  Running away or escaping from any of such institutions or facilities after having previously run away or escaped therefrom one or more times."

The thrust of defendant's argument is that he was not under the control or jurisdiction of the State Department of Social Welfare

after he was placed in St. Francis Hospital; thus, he couldn't escape.

In *United States v. Rudinsky,* 439 F.2d 1074 (6th Cir. 1971), a prisoner was confined to a federal treatment center after conviction for mail theft. While there he was placed on a work release program which allowed him to leave the facility during the day and return at night. When he failed to return on time and did not account for his whereabouts, he was hunted, apprehended and convicted for his waywardness. The appellate court turned aside the argument that he was not in custody of prison officials when he disappeared. (See also, *State v. Furlong,* 110 R.I. 174, 291 A.2d 267 [1972].)

A similar argument was made and rejected in *Commonwealth v. Hughes,* 364 Mass. 426, 305 N.E.2d 117 (1973), where a prisoner failed to return from a furlough.

It has been held that a prisoner who walked away from a work detail on a dock or a firefighting brigade had escaped even though he was already beyond the physical confines of the correctional facility. (*Giles v. United States,* 157 F.2d 588 [9th Cir. 1946]; *People v. Owens,* 236 Cal. App. 2d 403, 46 Cal. Rptr. 91 [1965].)

In *Tucker v. United States,* 251 F.2d 794 (9th Cir. 1958), a federal prisoner was being held in a Los Angeles jail awaiting appearance in another matter. While in the jail the prisoner became ill and had to be transferred to a private hospital for treatment. While he was being wheeled to an examination room the prisoner leaped from his gurney and escaped. On appeal defendant argued he was not in "custody" when he left; therefore, he could not be guilty of escape. The court declared his argument to be "so outlandish as to be void of a semblance of merit or common sense." (*Tucker v. United States,* supra at 799.)

The common thread which runs through these cases is the idea that custody contemplates an intent on the part of prison officials to exercise actual or constructive control of the prisoner and that in some manner the prisoner's liberty is restrained. (*Jones v. Cunningham,* 371 U.S. 236, 242, 9 L.Ed. 2d 285, 83 S.Ct. 373, 92 A.L.R. 2d 675.) There is no requirement that the prisoner be constantly supervised or watched over by prison officials. (*United States v. Rudinsky,* supra at 1076.) The key factor is that prison officials have not evidenced an intent to abandon or give up their prisoner, leaving him free to go on his way.

We conclude that a boy confined in the youth center, who runs away or escapes the second time, is guilty of aggravated juvenile delinquency. The fact the second escape is from a hospital where he has been placed for medical treatment without any of the youth center personnel in attendance is not a defense to the charge. (See, *State v. Doolin,* 216 Kan. 291, 532 P.2d 1080; *Seibert v. Ferguson,* 167 Kan. 128, 205 P.2d 484.)

The judgment is affirmed.