■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HURLEY ROBINSON, Appellant. — Case held, decision reserved, and matter remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On this appeal from a judgment following a jury trial wherein defendant was acquitted of rape but convicted of the crimes of escape in the second degree (Penal Law, § 205.10, subd 2), criminal possession of stolen property in the second degree (Penal Law, § 165.45) and reckless endangerment in the second degree (Penal Law, § 120.20), he contends, for the first time, that he was represented by counsel on a pending unrelated grand larceny charge when he gave an incriminatory statement to the police and that his waiver of counsel in the absence of his attorney may have been ineffective (see *People v Bartolomeo,* 53 NY2d 225). The evidence at trail establishes that defendant was arrested for rape under a false name and was questioned by the police. He later evaded police custody and during the ensuing investigation his true name became known. The police were able to establish defendant's identity because of their investigation of an unrelated criminal incident allegedly involving the defendant which had occurred five days previously. Upon defendant's apprehension he was again interrogated, waived his right to counsel and gave the inculpatory statement. When interrogating officers have knowledge of a pending unrelated charge against a suspect, they are under an obligation to inquire whether he is represented by an attorney on that charge. If they fail to make such an inquiry, they are "chargeable with what such an inquiry would have disclosed" (*People v Bartolomeo, supra,* p 232). We are unable to determine from this record whether the officers who interrogated defendant after his identity had been established knew of any pending charges against him upon which he had counsel (see *People v Servidio,* 54 NY2d 951; see, also, *People v Smith,* 54 NY2d 954). We, therefore, remit this matter for a

factual hearing on this issue (see *People v Baldi,* 54 NY2d 137). (Appeal from judgment of Monroe County Court, Celli, J. — criminal possession stolen property, second degree, and other charges.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.