■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE JEAN JOHNSON, Appellant. — Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant stands convicted of manslaughter in the second

degree in connection with a homicide which occurred in the City of Rochester on October 22, 1977. On remittitur by the Court of Appeals for consideration of the facts (*People v Johnson,* 55 NY2d 931), defendant contends that the inculpatory statement given by her to Rochester police on October 25, 1977 should be suppressed. In the course of the homicide investigation, defendant was questioned on October 22, 23 and 25, 1977 by a number of Rochester police officers. She was then represented by counsel on pending unrelated charges of robbery in the second degree and grand larceny in the third degree. The latter crimes had been committed in Rochester on June 16, 1977 and, following her arrest by Rochester police, she was arraigned thereon on June 18, 1977 in Rochester City Court. It is now well settled that when police officers conducting an interrogation have knowledge that an unrelated charge is pending against a suspect, they must inquire whether the suspect is represented by an attorney on that charge (*People v Smith,* 54 NY2d 954). If they fail to do so, they are "chargeable with what such an inquiry would have disclosed" (*People v Bartolomeo,* 53 NY2d 225, 232). At the *Huntley* hearing, one of the police officers testified that he was unaware of the pending "robbery charge" and was unaware that defendant was represented by counsel "on any charge". The record of both the hearing and the trial is otherwise silent as to whether any of the other interrogating officers knew of the pending unrelated charges against defendant and thus came under a duty to inquire whether she was represented by counsel (cf. *People v Fuschino,* 87 AD2d 716). Accordingly, the matter must be remitted for a factual hearing on that issue (see *People v Robinson,* 88 AD2d 771; *People v Baldi,* 87 AD2d 843). Moreover, since the pending unrelated charges were of a serious nature and had been brought by the Rochester police only four months earlier, it may be necessary to determine on the new hearing whether "the police deliberately overlooked the obvious or insulated the interrogating officers from actual knowledge of the pending unrelated charges" (*People v Servidio,* 54 NY2d 951, 953). We find no merit to the other issues raised by defendant on appeal. (Resubmission of appeal from judgment of Monroe County Court, Bergin, J. — manslaughter, second degree.) Present — Dillon, P. J., Callahan, Hancock, Jr., Simons and Moule, JJ.