■ FRANK LA MAR, Appellant, v TOWN OF GREECE et al., Respondents. (Appeal No. 2.) — Order unanimously affirmed, without costs. Same memorandum as in *La Mar v Town of Greece* (appeal No. 1) (97 AD2d 955). (Appeal from order of Supreme Court, Monroe County, John J. Conway, J. — amend complaint.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. GEASLEN, Appellant. — Judgment unanimously affirmed. Memorandum: On remittitur from the Court of Appeals (see *People v Geaslen,* 54 NY2d 510), the trial court conducted a new suppression hearing at which the Grand Jury testimony of the police officer was made available to defendant. The motion to suppress was denied. On resubmission of this appeal we conclude that the record fully supports the court's findings. (Appeal from judgment of Supreme Court, Onondaga County, Miller, J. — review of suppression hearing.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE JEAN JOHNSON, Appellant. — Judgment unanimously affirmed. Memorandum: On resubmission of this appeal following a hearing conducted pursuant to our earlier direction (see *People v Johnson,* 89 AD2d 812), we conclude that the record fully supports the court's findings. Accordingly, we affirm the judgment of conviction. (Resubmission of appeal from judgment of Monroe County Court, Bergin, J. — manslaughter, second degree.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.

■ COUNTY OF ONONDAGA et al., Respondents, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants. — Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: CPL 430.20 (subd 1) requires that "[w]hen a sentence of imprisonment is pronounced * * * the defendant must forthwith be committed to the custody of the appropriate public servant and detained until the sentence is complied with" (see, also, CPL 430.30). It is equally clear, however, that the limitation contained in the statute "should yield in a particular case when there is a demonstrated need for flexibility" (*Crespo v Hall,* 56 NY2d 856, 859). The record establishes that at the time these proceedings were commenced, the Department of Correctional Services was operating its facilities at 114.2% of its designed capacity. It is further established that sentenced felons in petitioner's facility who fall within the ambit of CPL 430.20 (subd 1) remain with petitioner for an average of six days before respondent accepts them. It is not alleged, nor has there been any proof, that respondent's failure to comply with CPL 430.20 (subd 1) is the result of indifference or an unexplained unwillingness on the part of the Department of Correctional Services to receive into its custody those inmates for whom it has responsibility. Under these circumstances, it is not the province of the courts to assign arbitrary periods of time which further define "forthwith". Considering the facts of this particular case, "forthwith" must be read to mean "within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch" (Black's Law Dictionary [5th ed]). We further observe that petitioners may not recover money damages in this proceeding. While the damages sought might arguably be incidental to the primary relief prayed for in the petition (CPLR 7806), the action for monetary damages is not suable in the Supreme Court. Petitioners must resort to an action in the Court of Claims if they seek to recover money from the State (*Matter of Dubner v Ambach,* 74 AD2d 949, 951; Siegel, NY Prac, § 570, p 801). (Appeal from judgment of Supreme Court, Onondaga County, O'Donnell, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr and Moule, JJ.