■ Business Jet Airlines, a Division of Helicopter Corp., Respondent-Appellant, v County of Nassau et al., Appellants-Respondents. — In an action to recover damages for services rendered, defendants appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated January 24, 1984, which denied their motion for summary judgment dismissing the complaint, and plaintiff cross-appeals from so much of the same order as failed to grant it summary judgment pursuant to CPLR 3212 (subd [b]).

Order reversed, on the law, with costs, and defendants' motion for summary judgment dismissing the complaint granted.

Plaintiff Business Jet Airlines (Jet) has provided inmate transportation services for defendants County of Nassau and the Nassau County Department of Correction (county) in the past. In April, 1982, the county solicited public bids with respect to flights carrying 10 passengers each to Buffalo and Syracuse. Jet submitted a low bid on the Syracuse run and was awarded the Syracuse contract. A competitor submitted a low bid on the Buffalo route and was accordingly awarded the Buffalo service. Jet's director, Steven Matteo, received written notification that Jet had been chosen for the Syracuse flights. Because he received no word on the Buffalo service, Matteo purportedly made inquiry of the warden of the correctional center, who allegedly assured Matteo that both contracts had been awarded to Jet. A correction officer whose duties were to arrange transportation for inmates concededly called Jet to provide the six trips which are the subject of this suit, because he had arranged trips with Jet in the past, and Jet provided those services. Payment for the rendering of these services was refused and Jet commenced the instant action. Special Term denied defendants' motion for summary judgment. The complaint should have been dismissed.

The warden and correction officer lacked authority to award any contract to Jet (cf. Nassau County Govt. Law, L 1936, ch 879, as amd, §§ 702, 2206). Jet fully agrees that there can be no credible argument made that an express contract existed. Rather, Jet seeks to recover on an implied contract or *quantum meruit* theory. Under the circumstances, Jet's argument must be rejected. As the Court of Appeals observed in a similar context: "Mere acceptance of benefits by the city under a contract made without authority does not estop a municipal corporation from

challenging the validity of the contract and from denying liability for materials furnished or services rendered under a contract not made or ratified by a board or officer acting under authority conferred by law and in the manner prescribed by law * * * Where the Legislature provides that valid contracts may be made only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the city" (*Seif v City of Long Beach,* 286 NY 382, 387, reh den 287 NY 836; see, also, *Lutzken v City of Rochester,* 7 AD2d 498).

Accordingly, no recovery can be had under the circumstances and defendants' motion for summary judgment dismissing the complaint should have been granted. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.