■ RICHARD B. DEMPSEY, ARCHITECT, P.C., Appellant, v CITY UNIVERSITY OF NEW YORK, Respondent. (Claim No. 65582.) — In a claim for the recovery of the alleged balance due for architectural services rendered and related expenses, claimant appeals from an order of the Court of Claims (Orlando, J.), dated August 3, 1983, which granted respondent's motion to dismiss the claim, on the ground that it failed to state a cause of action.

Order affirmed, with costs.

In March, 1979 claimant, a professional corporation in the practice of architecture, was advised in a letter from the vice-president of Brooklyn College that it was selected to prepare contract documents for the installation of an outdoor running track. Contract negotiations took place in April, 1979 and, thereafter, an incomplete, unexecuted proposed contract was forwarded to claimant for its approval. Claimant signed the proposed contract, which was to be an agreement between claimant, Brooklyn College and the Board of Higher Education. The proposed contract contained a provision that it would not be effective unless and until the State Comptroller certified that sufficient funds were available to pay the estimated expense of the contract.

Effective July 1, 1979, the Board of Higher Education was dissolved and the respondent City University of New York was

created as a legal entity pursuant to article 125 of the Education Law.

It is uncontroverted that the proposed agreement was never approved or executed by Brooklyn College, the Board of Higher Education, or the subsequent entity, respondent City University of New York. Nonetheless, claimant performed services and was paid the sum of approximately $14,640, which respondent contends was the agreed-upon fee, notwithstanding the fact that payment may have been inappropriate in the absence of an approved enforceable contract. Claimant now seeks an additional $13,187, which it contends is the balance due for services rendered and related expenses.

Brooklyn College's officials lacked authority to enter into an enforceable contract with claimant. Claimant argues that respondent was unjustly enriched, and it seeks to recover on an implied contract or *quantum meruit* theory. Under the circumstances, claimant's argument must be rejected, as this court recently held in a similar context in *Business Jet Airlines v County of Nassau* (105 AD2d 679). In the absence of authority on the part of Brooklyn College officials to create a liability, no liability can result to respondent City University of New York except by compliance with well-established regulations (see *Seif v City of Long Beach,* 286 NY 382, 387, mot for rearg den 287 NY 836; *Lutzken v City of Rochester,* 7 AD2d 498, 501). Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.