OPINION OF THE COURT
Harold J. Koreman, P. J.
Where the State fails or refuses to accept "forthwith” for commitment criminal defendants who have been sentenced to State correctional facilities, thereby forcing a county to maintain said prisoners for extended periods of time, does the law provide a private right of action for reimbursement of the county’s expenses? On the facts here presented we hold that no such action is available and, accordingly, summary judgment dismissing these claims must be entered.
Claimant County of Monroe alleges that upon the sentencing of convicted felons it is the duty of the County Sheriff to deliver said defendants to the Department of Correctional Services (see, CPL 430.20, 430.30; Penal Law § 70.00 [1]; § 70.20 [1]), and that this transfer must be effected "forthwith” (CPL *262 430.20 [1]). The claimant county contends that, due to the State’s unwillingness to accept convicted felons "forthwith”, said claimant was required to house and maintain numerous State-ready prisoners for periods averaging between 10 and 49 days after sentencing, the longest delay in acceptance being 189 days. The county now seeks to recover for the expenditures which it incurred by reason of the State’s alleged breach of the statutory mandate of CPL 430.20 (1). However, recognizing that recovery cannot be obtained through an action on an implied in fact contract (see, Parsa v State of New York, 64 NY2d 143, 147-148), or by application of the doctrine of quantum meruit (see, Business Jet Airlines v County of Nassau, 105 AD2d 679; see also, Dempsey v City Univ., 106 AD2d 486; County of Onondaga v State of New York, Ct Cl, motion No. M-31741, Dec. 26, 1984, Lowery, J.; see generally, Beth Rifka, Inc. v State of New York, 114 AD2d 560), the county advances the argument that the provisions of CPL 430.20, which require the State to accept sentenced prisoners "forthwith”, also establish an action for money damages upon the State’s failure to follow said directive.
In defining the State’s obligation to accept sentenced criminal defendants, the Court of Appeals has held that CPL 430.20 (l),[2] permits no discretion as to when said defendants must be accepted for transfer, construing "forthwith” to mean "without delay” (Crespo v Hall, 56 NY2d 856, 858 [where the court considered CPL 430.20 (1), as it applied to juvenile offenders, committed to the custody of the State Division for Youth]). While the court also stated that declaratory relief was appropriate to establish the rights of the parties, it was not confronted with, and thus did not address, the potentiality of an action for money damages upon noncompliance with the statuté. Since the statute does not specifically provide for such legal relief it is necessary for this court to determine whether the Legislature, in enacting CPL 430.20, intended the creation of a cause of action for money damages. In addressing this question we are guided by the decision in Burns Jackson Miller Summit & Spitzer v Lindner (59 NY2d 314), which sets forth the considerations which are relevant in pursuing such an inquiry, namely, whether claimants are members of the class for whose benefit the statute was enacted; the existence *263 of any indication in the statute or its legislative history of an intent to create or deny such remedy; and most importantly, the consistency of doing so with the purposes underlying the legislative scheme (Burns Jackson Miller Summit & Spitzer v Lindner, supra, at p 325).
A reading of the relevant portions of the CPL renders it apparent that the county, through its Sheriff, is governed by CPL 430.20 (see also, CPL 430.30) and that said claimants are members of the class which is protected by the statute’s mandates (see generally, Matter of County of Onondaga v New York State Dept. of Correctional Servs., 97 AD2d 957, affd 62 NY2d 826). This notwithstanding, claimants have failed to offer any evidence which would indicate that the Legislature intended to create a private cause of action for money damages when it enacted CPL 430.20 or its predecessor statutes.[3] Neither does CPL 430.20 contain any language revealing an intention to pay the expenses borne by a county or other municipality in housing State-ready prisoners. In contradistinction, in those situations where the Legislature in fact contemplated reimbursement to a county for expenses incurred in the handling or maintenance of State prisoners, specific statutory authority has been enacted (see, e.g., Correction Law § 601 [payment of fees for transportation of inmates to State prisons (from former Prison Law § 11, which derived from Rev Stat, part IV, ch 3, tit 2, § 71, as amended by L 1889, ch 382, § 1)]; Correction Law § 601-b [reimbursement for care of State prisoners transferred to county jails to await coram nobis proceedings (derived from Penal Law of 1909 § 1699-a)]; Correction Law § 601-c [reimbursement for maintenance of felons sentenced to imprisonment in penitentiaries (as added by L 1967, ch 680, § 146)]; Correction Law § 602 [reimbursement to a county for the cost of transporting prisoners to State prisons from county prisons (from former Prison Law § 12, which derived from L 1877, ch 128, § 1)]).
In sum, on the evidence presented we find no indication that in enacting CPL 430.20 the Legislature intended to create a cause of action for money damages to cover situations where the statute’s mandates were not carried out (see and compare, County of Broome v State of New York, Ct Cl, claim No. *264 68020, motions Nos. M-31708, CM-31780, Oct. 1, 1985, Lowery, J. [State Law § 10, legislative intent to create a private cause of action for damages found]). Absent strong evidence of such intent we must conclude that the issue of reimbursement was not considered by the Legislature when it adopted CPL 430.20[4] and, accordingly, this court should not attempt to fashion a monetary remedy from the existing statutory scheme.
In accordance with all of the foregoing, claimants’ motions to dismiss the defendant’s affirmative defenses and for summary judgment are denied, and summary judgment dismissing these claims is hereby granted in favor of the defendant.

. Which provides that "[w]hen a sentence of imprisonment is pronounced * * * the defendant must forthwith be committed to the custody of the appropriate public servant”.

. See, L 1796, ch 30; L 1801, ch 121; L 1829 (2 Rev Stat, part IV, ch II, tit 6, § 12, p 739); Code Crim Pro § 487 (L 1881, ch 442, § 487, as amended by L 1901, ch 372, § 2, as amended by L 1903, ch 613, § 2, as amended by L 1967, ch 681, § 69); L 1881, ch 442, § 488, as amended by L 1942, ch 494, § 9, as amended by L 1968, ch 251, § 1.

. Although not controlling, we find some relevance in the fact that the Legislature has made several recent, albeit unsuccessful, attempts to enact legislation providing for reimbursement to counties for the cost of maintaining State-ready prisoners (1984 Senate Bill No. 10076 [vetoed by Governor, Aug. 6,1984]; 1985 Senate Bill No. 2524-A [recalled]).