Robert J. Watson City Attorney 8500 Santa Fe Drive Overland Park, Kansas 66212
Dear Mr. Watson:
You request our opinion regarding the mandatory imprisonment requirements of K.S.A. 8-1567. Specifically you question whether a weekend intervention program in which the hospital provides private security guards would meet such requirements.
You note that in Attorney General Opinion No. 92-2 we concluded that "[t]he mandatory imprisonment required by K.S.A. 1990 Supp. 8-1567, as amended, for second offenses may be partially served in a restrained environment such as the Kansas City weekend intervention program as longas the offender remains under the custody and control of law enforcementofficials throughout the time the minimum sentence is being served." (Emphasis added.) This opinion was based in part on the Kansas Supreme Court's decision in State v. Meredith, 236 Kan. 866 (1985) which held:
 "[K.S.A. 8-1567] plainly and clearly requires on a second offense of DUI the offender must spend at least five days in custody of law enforcement officials. The time spent in an alcohol treatment center where an individual is not under the custody and control of law enforcement officials, is not substitute for that minimum imprisonment."
The court did not define the term "law enforcement officials." The term "law enforcement office" is, however, defined generally throughout the Kansas statutes as:
 "any person who by virtue of such person's office or public employment is vested by law with a duty to maintain public order or to make arrests for crimes, whether that duty extends to all crimes or is limited to specific crimes or any officer of the Kansas department of corrections. . . ." K.S.A. 1992 Supp. 21-3110. See also K.S.A. 1992 Supp. 22-2202; K.S.A. 8-1450; 12-4113; 65-4003.
Under these definitions of "law enforcement officer," it does not appear that the hospital's employment of private security guards would meet the imprisonment requirement as interpreted by the court. See Statev. Babcock, 226 Kan. 356 (1979). This does not mean, however, that constant surveillance of law enforcement officials is necessarily required. State v. Meredith cited two prior cases in reaching its conclusion. in State v. Babcock, supra, the court held that time spent in a halfway house as a condition of probation could not be credited as "time spent in jail" since the person was not in the custody of prison officials. The court stated:
 "In determining whether time in a particular facility is required to be included as jail credit pursuant to K.S.A. 21-4614, the crucial question is whether the person is in custody. . . . The credit so granted is limited to time a defendant is in the actual or constructive control of jail or prison officials." 226 Kan. at 360, 361 (emphasis added).
In State v. Pritchett, 222 Kan. 719 (1977), the court held that a juvenile who escaped from a hospital where he had been placed for medical treatment had escaped from the custody of the youth center even though no youth center personnel were in attendance at the hospital. The court cited several cases from other jurisdictions and then stated:
 "The common thread which runs through these cases is the idea that custody contemplates an intent on the part of prison officials to exercise actual or constructive control of the prisoner and that in some manner the prisoner's liberty is restrained. There is no requirement that the prisoner be constantly supervised or watched over by prison officials. The key factor is that prison officials have not evidenced an intent to abandon or give up their prisoner, leaving him free to go on his way." Pritchett, 222 Kan. at 720.
In conclusion to satisfy the mandatory imprisonment requirements imposed by K.S.A. 8-1567, the individual must be in custody. Providing private security guards in a hospital setting is not sufficient in and of itself to meet this requirement however, constant surveillance by law enforcement officials in a jail is not required either. The determining factor is the intent of the court and law enforcement officials to retain custody and control of the prisoner.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm