Lawrence M. Wright Franklin County Attorney Courts Building Ottawa, Kansas 66067
Dear Mr. Wright:
You request our opinion regarding the juvenile offender code and, specifically, the delay between the time the court commits a juvenile offender to a youth center and the time the sheriff delivers him or her. In most cases, the county bears the financial burden of housing the juveniles until there is space available in a state youth center.
1. What is the interpretation of "forthwith" in K.S.A. 38-1672(a)?
K.S.A. 38-1672(a) provides, in relevant part:
 ". . . If a complaint is filed alleging a new offense by a juvenile offender who is under commitment to or placement in a state youth center, the juvenile offender shall be forthwith returned to the state youth center or the custody of the secretary [of SRS] to be detained in a place the secretary directs during dependency." (Emphasis added).
"Forthwith" means immediate and without delay, however courts generally construe the term to mean within a reasonable time depending upon the circumstances. Black's Law Dictionary 654 (6th ed. 1990); Words andPhrases, "Forthwith", 605 (1958). For example, in State v. Garton,2 Kan. App. 2d 709, 711 (1978) the court construed the term "forthwith" in connection with K.S.A. 8-286 which requires that a county attorney "forthwith" commence prosecution under the habitual violators act upon receipt of an abstract of 3 DUI convictions. The court concluded that "forthwith" as used in that statute was not susceptible to a fixed term definition. (Also see Onondaga County v. New York State Department ofCorrectional Services, 468 N.Y.S.2d 760 (1973) where the court refused to fix a time requirement in a statute which required that sentenced felons be "forthwith" committed to the custody of the appropriate public official and detained.)
Following the rationale in the above mentioned cases, it is our opinion that "forthwith" as used in K.S.A. 38-1672(a) is not susceptible to a fixed time definition and each case should be considered on an individual basis.
2. When a juvenile offender has been sentenced to a state youth centerunder the provisions of K.S.A. 38-1663(a)(6)(A), is 54 days a reasonableperiod of time to await admission of a juvenile offender by SRS under theterms of K.S.A. 38-1671(b)(1)?
K.S.A. 38-1663 contains a list of alternatives which the court can select during the dispositional phase of juvenile offender proceedings. Subsection (a)(6)(A) authorizes the court to commit a juvenile offender to a state youth center if certain prerequisites are met.
K.S.A. 38-1671(a) and (b)(1) address the procedure of commitment and provide, in relevant part, as follows:
 "(a) When a juvenile offender has been committed to a state youth center, the clerk of the court shall forthwith notify the secretary [of SRS] of the commitment and provide the secretary with a certified copy of the complaint, the journal entry of the adjudicatory hearing and the dispositional order. . . . After the court has received notice of the state youth center designated as provided in subsection (b), it shall be the duty of the court or the sheriff of the county to deliver the juvenile offender to the facility at the time designated by the secretary.
 "(b) Actions by the secretary. (1) After receiving notice of commitment as provided in subsection (a), the secretary shall give the committing court notice designating the state youth center to which the juvenile offender is to be admitted and the date of the admission."
The statute sets forth the procedure which is triggered by a commitment to a state youth center but does not address a time period within which the process must be completed. Consequently, whether 54 days is or is not a reasonable period of time to await admission to a youth center is not addressed and may be a matter for consideration by the legislature in light of the fact that the county bears the burden of the expenses for the care and custody of the juvenile until the latter is delivered to the youth center.
3. What are the relative financial responsibilities of SRS and the boardof county commissioners between the date when a juvenile offender hasbeen sentenced to a state youth center under the provisions of K.S.A.38-1663(a)(6)(A) and notice to the sentencing court by SRS under K.S.A.38-1671(b)(1)?
The answer to this question lies in K.S.A. 38-1616 which places responsibility for the expenses of the care and custody of the juvenile offender with the county. Attorney General Opinion No. 92-145. It is only when custody is awarded to SRS that the expenses may not be paid by the county. K.S.A. 38-1616(a)(3). Consequently, if the court places the juvenile offender in the custody of SRS, county funds may not be expended for the expenses for the care and custody of the juvenile. However, it is our opinion that if the court commits the juvenile to a state youth center rather than in SRS custody, the county is responsible for the expenses until the juvenile is delivered to the youth center.
4. Is the placement of a juvenile offender into SRS custody [K.S.A.38-1663(a)(4)] and a simultaneous sentence to a youth residential center[K.S.A. 38-1663(a)(3)] an "appropriate combination" as an authorizeddisposition under K.S.A. 38-1663(a)(5)?
K.S.A. 38-1663(a) provides, in relevant part, as follows:
 "Authorized Dispositions. (a) When a respondent has been adjudged to be a juvenile offender, the judge may select from the following alternatives:
 "(1) Place the juvenile offender on probation for a fixed period, subject to the terms and conditions the court deems appropriate, including a requirement of making restitution. . . .
 "(2) Place the juvenile offender in the custody of a parent or other suitable person subject to the terms and conditions the court orders, including a requirement of making restitution. . . .
 "(3) Place the juvenile offender in the custody of a youth residential facility, subject to the terms and conditions the court orders.
 "(4) Place the juvenile offender in the custody of the secretary [of SRS].
 "(5) Impose any appropriate combination of subsections (a)(1) and (2), subsection (a)(3) or subsection (a)(4) and make other orders directed to the juvenile offender as the court deems appropriate."
This statute must be read in light of K.S.A. 38-1664(a) which provides that once a juvenile has been placed in the custody of SRS, the court has no power to direct a specific placement by the secretary. Consequently, if a court orders a juvenile offender to be placed in the custody of SRS and, at the same time, in the custody of a youth residential facility, that action would violate K.S.A. 38-1664 which prohibits the court from making a direct placement when a juvenile is in SRS custody. Furthermore, subsection (a)(2), (3) and (4) are all custody provisions and it is not reasonable to interpret K.S.A. 38-1663(a)(5) as providing for joint custody between, for example, a parent and SRS or between a parent and a youth residential facility. It is more reasonable to interpret subsection (a)(5) as meaning that subsection (a)(1) [the restitution and probation alternative] can be combined with one of the custody provisions in (a)(2), (3) or (4).
This interpretation is supported by the judicial council comments to the draft of the juvenile offender code which indicates that a juvenile may be placed on probation and in the custody of the SRS at the same time. Kansas Judicial Council Bulletin, June 1981, p. 87.
Therefore, it is our opinion that placing a juvenile offender in the custody of both SRS and a youth residential facility is not an appropriate combination of dispositions.
5. Should the fact that the juvenile has been or has not been placed bythe sentencing court into SRS custody make any difference in the lengthof time a juvenile must await remittance into the juvenile detentionsystem?
As previously discussed, the statutes do not address the length of time between the point at which a juvenile offender is placed in the custody of SRS and the time SRS decides where the juvenile will be placed. The same is true where the court places a juvenile offender in the custody of a state youth center. In both cases, there is no statutory duty on the part of SRS to move the process along at any particular pace.
6. May a juvenile who is under house arrest be charged with escape fromcustody or aggravated escape from custody if he or she cuts theelectronic monitoring equipment and absconds?
A juvenile offender is defined as a person who does an act which if done by an adult would constitute the commission of a felony or misdemeanor. K.S.A. 38-1602(b). Escape from custody is defined as escaping while held in lawful custody on a charge or conviction of a misdemeanor. Aggravated escape from custody is escaping while being held in custody on a charge or conviction of a felony. K.S.A. 1993 Supp. 21-3809
and 3810.
Your concern is whether a juvenile offender who is under house arrest pursuant to K.S.A. 38-1663(a)(7) and who wears an electronic monitoring device is "in custody" for purposes of the escape statutes.
"Custody" is defined in K.S.A. 1993 Supp. 21-3809 as follows:
 "`Custody' means arrest; detention in a facility for holding persons charged with or convicted of crimes; detention for extradition or deportation; detention in a hospital or other facility pursuant to court order, imposed as a specific condition of probation or parole or imposed as a specific condition of assignment to a community correctional services program . . . or any other detention for law enforcement purposes. . . ." (Emphasis added).
Custody contemplates an intent to exercise actual or constructive control of a prisoner and in some manner restrict the prisoner's liberty. State v. Pritchett, 222 Kan. 719, 720 (1977). There is no requirement that the person be constantly supervised or watched by an official. The key factor is that the official has not evidenced an intent to abandon or give up the prisoner. State v. Pichon,15 Kan. App. 2d 527, 537 (1991).
It is our opinion that a juvenile offender who wears an electronic monitoring device under the house arrest provision is "in custody" for purposes of K.S.A. 1993 Supp. 21-3809 and 3810 because there is an intent to exercise control over the juvenile's person and, if the juvenile cuts the monitoring equipment and absconds, it is our opinion that the juvenile offender may be charged under the escape statutes.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm