No. 55,869

STATE OF KANSAS, *Appellee*, v. BRIAN M. HELGESON, *Appellant*.

(680 P.2d 910)

Opinion filed April 27, 1984.

*Jack O. Bowker*, of McPherson, was on the brief for appellant.

*John B. Klenda*, county attorney, *Robert T. Stephan*, attorney general, and *Lowell Flory*, special prosecutor, were on the brief for appellee.

*Per Curiam:* Brian M. Helgeson appeals from his conviction of one count of driving while under the influence of alcohol (D.U.I.), K.S.A. 8-1567(*a*), and the sentence entered by the court pursuant to K.S.A. 8-1567(*d*). We note that the statute was amended effective April 21, 1983, but the amendments are not material to the issues herein. Therefore, we will not refer to the 1983 Supplement in our citations to the statutes. The case was transferred from the Court of Appeals pursuant to K.S.A. 20-3018(*c*).

As there is no issue as to the sufficiency of the evidence of the defendant being under the influence of alcohol, we will not set forth the facts in detail. Suffice it to say the evidence was overwhelming as to defendant's state of intoxication. In the complaint filed by the arresting officer, the defendant was charged with a violation of K.S.A. 8-1567. At the close of the State's evidence, defense counsel moved for a dismissal on the ground defendant had not been charged with a violation of any of the various subsections of the statute. His position was that a defendant must be charged with violation of a particular subsection of 8-1567, "either section (*c*), section (*d*), or section (*e*), and cannot be charged generally under the statute." Subsection (*c*) sets forth the penalty for a first conviction; (*d*) the penalty for a

second conviction; and (e) the penalty for a third or subsequent conviction. The trial judge denied the defendant's motion, stating:

"I see the sections of 1567 dealing with sentencing as going to whether there were prior convictions. I don't think it is mandatory upon the officer at the time of writing the ticket that he needs to designate whether it is a first conviction, second conviction or third conviction. The motion will be overruled."

At the close of all the evidence the court found defendant guilty of driving under the influence of intoxicating liquor. In the course of setting the date for sentencing, the court asked whether defendant had any "prior D.W.I.'s." The prosecutor replied his records showed one. Defense counsel responded: "[T]hat evidence should have been produced during the trial and not in sentencing investigation or at some later date. . . . In my opinion, the statute is saying he has to be convicted of the first offense, second offense, and third offense at the time of trial." The court disagreed, saying:

"I have construed the statute as saying that the issue before the court is whether he is driving while under the influence. If he is convicted of that, then it becomes a question at sentencing whether it is a first time, second time, or third time or subsequent conviction. I don't see that as being an issue that would be submitted to the trier of fact, quite honestly, Mr. Bowker. That is a point that you might just have to take up on appeal if that is the way you feel. My question at this point is, I see from the driving record he has one prior D.W.I. in 1980. Do we have any prior D.W.I.'s prior to that?

"MR. BOWKER: None that I know of, Your Honor."

Defendant was sentenced as a second offender on June 9, 1983, at which time defense counsel conceded the defendant had a prior conviction. This case has been submitted on an abbreviated record pursuant to the agreement of counsel and many of the issues raised by the appellant do not appear to have been raised before the trial court. "It is incumbent upon the appellant to include in the record on appeal any matter upon which he intends to base a claim of error." *Frevele v. McAloon,* 222 Kan. 295, Syl. ¶ 3, 564 P.2d 508 (1977).

The first issue properly before this court is appellant's claim that the complaint was deficient for failing to include any allegation of a prior D.U.I. conviction. As a second offender it is apparently the appellant's position that he should have been specifically charged with a violation of K.S.A. 8-1567(d). Appellant relies upon *State v. Loudermilk,* 221 Kan. 157, 557 P.2d

1229 (1976), as support for his argument. That reliance is misplaced. In *Loudermilk* the defendant appealed "from his second conviction of possession of heroin, a class B felony under K.S.A. 1975 Supp. 65-4127a," and from the sentence imposed. 221 Kan. at 157. This court clearly pointed out the distinction between crimes in which a prior conviction is an element of the present crime charged and those crimes in which prior convictions are considered only in establishing the penalty to be imposed. We stated:

"[T]he legislature has created the following crimes under which a previous conviction is not an element of the substantive crime but *serves only to enhance punishment:* . . . *driving while under the influence of intoxicating liquor or drugs (K.S.A. 8-1567);* . . . possession of narcotics (K.S.A. 1975 Supp. 65-4127a) . . . . In each of these statutes the fact of prior conviction is *not* contained in the statutory definition of the crime but is contained *only* in the penalty provisions of the statute." 221 Kan. at 160.

A prior D.U.I. conviction is not a statutory element of the crime under K.S.A. 8-1567, and merely bears on the penalty imposed. There was no error in the complaint not charging the prior offense. See also K.S.A. 22-3208(3).

At the time of sentencing the defendant again contended that the prior conviction should have been a matter of proof by the State during the trial and that the court erred in considering it at the sentencing hearing. What has been said about appellant's first issue disposes of this argument.

The balance of the issues raised by the appellant do not appear from the record before us to have even been raised before the trial court. Ordinarily this court will not consider issues, including constitutional questions, which were not presented to the trial court. *McGowen v. Southwestern Bell Tel. Co.,* 215 Kan. 887, 529 P.2d 97 (1974). However, having reviewed the entire record submitted in this case, we can say that even those issues, when considered on their merits, lack substance.

The judgment is affirmed.