(783 P.2d 1316)

No. 63,347

STATE OF KANSAS, *Appellee,* v. MICHAEL L. MARTIN, *Appellant.*

Opinion filed December 22, 1989.

*Charles A. O'Hara,* of O'Hara, O'Hara & Tousley, of Wichita, for appellant.

*Thomas J. Robinson,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before LEWIS, P.J., ELLIOTT and RULON, JJ.

RULON, J.: Michael L. Martin, defendant, appeals the district court's finding that, as a matter of law, he could not serve the 90 days of imprisonment required under K.S.A. 1988 Supp. 8-1567(f) in a work release facility. We affirm.

The facts in this case are undisputed. On November 7, 1988, Martin entered a plea of guilty to driving under the influence of alcohol (DUI), contrary to K.S.A. 1988 Supp. 8-1567. This conviction was the defendant's third DUI conviction within a five-year period. On November 16, 1988, Martin appeared for sentencing. The district court sentenced Martin to 6 months in the Sedgwick County Jail and ordered him to serve 90 days of that sentence, after which he would be released on probation.

The sole issue on appeal is whether a program of work release satisfies the requirement of "imprisonment" contained in K.S.A. 1988 Supp. 8-1567(f). The statute states, in part:

"On the third or a subsequent conviction of a violation of this section, a person shall be sentenced to not less than 90 days' nor more than one year's imprisonment and fined not less than $1,000 nor more than $2,500. The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment."

Martin argues that, absent a specific prohibition of work release in the statute, work release is an acceptable form of imprisonment. The State argues that the defendant would not be imprisoned while outside the facility on work release, and so the requirement of 90 days' imprisonment would not be fulfilled.

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs. *State v. Adee,* 241 Kan. 825, 829, 740 P.2d 611 (1987). In determining legislative intent, the court may consider the language of the statute, the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished, and the effect the statute may have under the various constructions suggested. *Citizens State Bank of Grainfield v. Kaiser,* 12 Kan. App. 2d 530, 536, 750 P.2d 422, *rev. denied* 243 Kan. 777 (1988).

K.S.A. 8-1567 was amended in 1982 to make a minimum term of imprisonment mandatory for second or subsequent convictions and to exclude the possibility of probation, parole, or suspension or reduction of sentence until that minimum was served. See L. 1982, ch. 144, § 5 (amending K.S.A. 1981 Supp. 8-1567). The sponsor of the bill testified the bill was developed with the "objective of toughened penalties, but mostly to respond to several unintentional loopholes that allowed many guilty D.W.I. violators to go unpunished." See *Hearings on S.B. 699 before House Comm. on Transportation,* 69th Kan. Leg., 1982 Sess. 2 (March 16, 1982). The testimony also indicated that, while the attitude of the drafters was not punitive, "on the third offense, there is little sympathy intended, and . . . the offender should be treated as a criminal."

The express language of K.S.A. 1988 Supp. 8-1567 is silent on the issue before the court. Work release is never specifically mentioned in the statute. Imprisonment is not expressly defined.

"[W]ords in common usage are to be given their natural and ordinary meaning in arriving at the proper construction of a stat-

ute." *Szoboszlay v. Glessner*, 233 Kan. 475, 478, 664 P.2d 1327 (1983).

In *State v. Meredith*, 236 Kan. 866, 696 P.2d 403 (1985), a defendant sentenced on his second offense under K.S.A. 8-1567(d) argued that 30 days of in-patient treatment at a private alcohol treatment center should satisfy his sentence of five days in jail. The court held that the defendant had not been under the custody and control of law enforcement officials while at the center and so the time he was there could not be credited as imprisonment. 236 Kan. at 869.

In K.S.A. 1988 Supp. 8-1567(d) the legislature requires a mandatory minimum sentence of 48 *consecutive* hours. Under K.S.A. 1988 Supp. 8-1567(e) the offender is to serve five *consecutive* days' imprisonment before the offender is granted "probation, suspension or reduction of sentence or parole *or is otherwise released.*" (Emphasis added.) K.S.A. 1988 Supp. 8-1567(f) omits the use of the word "consecutive" and the "or is otherwise released" language. The use of the word "consecutive" was added in 1985 to K.S.A. 1988 Supp. 8-1567(d) and (e) but not (f). L. 1985, ch. 48, § 9.

We believe the purpose and intent of the legislature in promulgating K.S.A. 1988 Supp. 8-1567(f) was to ensure that on the third or subsequent conviction of DUI the defendant would serve at least 90 consecutive days' imprisonment. A fair reading of the statutory language that the "person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment" excludes work release programs from the definition of imprisonment.

Affirmed.