(794 P.2d 316)

No. 64,127

STATE OF KANSAS, *Appellee*, v. GILBERT WALBRIDGE, SR., *Appellant.*

Opinion filed June 22, 1990.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Robert A. Walsh*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., LEWIS, J., and DAVID PRAGER, Chief Justice Retired, assigned.

ABBOTT, C.J.: Gilbert Walbridge, Sr., appeals the trial court's order requiring him to serve four months in the custody of the sheriff of Cloud County as a condition of his probation. Walbridge contends the trial court's imposition of four months' jail time as a condition of probation was illegal.

K.S.A. 1989 Supp. 21-4603(2) provides in relevant part:

"Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

"(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

"(b) impose the fine applicable to the offense;

"(c) release the defendant on probation subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

"(d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

"(e) assign the defendant to a community correctional services program subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

"(f) assign the defendant to a conservation camp for a period not to exceed 180 days;

"(g) assign the defendant to a house arrest program pursuant to K.S.A. 21-4603b; or

"(h) impose any appropriate combination of (a), (b), (c), (d), (e), (f) or (g)."

Walbridge argues that the trial court inappropriately combined (a) and (c) because probation and incarceration are mutually exclusive. He argues that, once the trial court decided incarceration was appropriate, its only option was to commit him to the Secretary of Corrections under (a). Further, Walbridge argues the definition of probation, under K.S.A. 21-4602, precludes imprisonment. That statute provides:

" 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment, subject to conditions imposed by the court and subject to the supervision of the probation service of the court."

Here, the trial court clearly indicated it was not imprisoning Walbridge on his sentence. Rather, as a condition of probation, the court was requiring him to serve jail time.

K.S.A. 21-4610 addresses the conditions the trial court may impose when probation is granted. That statute provides, in relevant part: "(1) Except as required by subsection (4), nothing in this section shall be construed to limit the authority of the court to impose or modify any general or specific conditions of probation." Further, the statute provides: "(3) The court may impose any conditions of probation . . . that the court deems proper."

Prior decisions have interpreted K.S.A. 21-4610 broadly. "The trial court has broad authority under 21-4610 to impose or modify any general or specific conditions of probation." *State v. Garrett*, 14 Kan. App. 2d 8, 11, 780 P.2d 168 (1989). "The trial court has broad powers to impose probation conditions designed to serve

the accused and the community. [Citation omitted.] Setting the conditions of probation lies within the sound discretion of the trial court." *State v. Mosburg*, 13 Kan. App. 2d 257, 258, 768 P.2d 313 (1989).

In *In re McClane*, 129 Kan. 739, 284 Pac. 365 (1930), defendant was granted parole upon his own request. As a condition of that parole, McClane was required to serve six months in the county jail. On appeal, the Kansas Supreme Court did not have to reach the issue of the legality of that condition. The court implied, however, that such a condition would be within the sound discretion of the trial court when it said: "We do not wish to go so far in this case as to approve the confinement in jail as a condition and restriction of parole, although R.S. [1923,] 62-2202 gives wide latitude and discretion to the trial court in such matters." *McClane*, 129 Kan. at 741.

In *State v. Fowler*, 238 Kan. 326, 710 P.2d 1268 (1985), the Supreme Court was faced with several questions concerning the trial court's power to commit a defendant to the custody of a community corrections center and whether time spent in such centers should be awarded to a defendant as jail time credit. The court held: "If a trial court actually imposes a sentence of commitment and desires to place the defendant in a community corrections center, it may do so only by placing the defendant on probation and making confinement in the community corrections center a condition of his probation." *Fowler*, 238 Kan. 326, Syl. ¶ 2.

Further, the court held: "K.S.A. 21-4614 does not authorize or require jail time credit to be awarded a defendant convicted of a felony during the period of time the defendant resides at a community corrections facility on order of the trial court as a condition of probation." *Fowler*, 238 Kan. 326, Syl. ¶ 5.

In dicta, the court alluded to the legality of jail time as a condition of probation when it said: "There is no statute which provides that a defendant shall have credit for time spent in confinement as a condition of probation required by the trial court." *Fowler*, 238 Kan. at 338. *Fowler* seems to have been modified by the legislature when it added section (2)(e) to K.S.A. 1989 Supp. 21-4603. That provision expressly allows the trial court to sentence a defendant directly to a community correctional

services program. In addition, K.S.A. 1989 Supp. 21-4614a now requires credit for any time spent confined while on probation.

Walbridge's reliance on *State v. Martin,* 14 Kan. App. 2d 138, 783 P.2d 1316 (1989), is misplaced. In *Martin,* the defendant argued that work release was an acceptable form of imprisonment and that, therefore, his required 90 days of imprisonment under K.S.A. 1988 Supp. 8-1567(f) (third DUI conviction in five years) was effectively served while he was on work release. This court concluded that the legislature intended for those individuals who were convicted of three or more DUI's to be incarcerated. 14 Kan. App. 2d at 140.

Walbridge argues that, like *Martin's* finding that imprisonment and work release are mutually exclusive, probation and incarceration are also mutually exclusive, and the trial court's order requiring that he serve four months in jail as a condition of his probation cannot stand.

Walbridge fails to recognize three distinctions. First, K.S.A. 1988 Supp. 8-1567(f) is a specific statute requiring a specific result—that a third-time offender receive a specific sentence. K.S.A. 1989 Supp. 21-4603(2) is a general statute which gives the trial court broad discretion in its disposition. Second, *McClane* and *Fowler* implicitly support jail time as a condition of probation and the trial court's discretion in the matters of disposition. And, third, K.S.A. 21-4610 allows the trial court to "impose any conditions of probation," and further directs that "nothing in this section shall be construed to limit the authority of the court to impose or modify any general or specific conditions of probation."

"[W]ords in common usage are to be given their natural and ordinary meaning in arriving at the proper construction of a statute." *Szoboszlay v. Glessner,* 233 Kan. 475, 478, 664 P.2d 1327 (1983). The ordinary meaning of "nothing . . . shall . . . limit" and "may impose any conditions" in K.S.A. 21-4610 leads one inescapably to the conclusion that the trial court may, in its discretion, order jail time as a condition of probation.

Affirmed.