(803 P.2d 1030)

No. 64,978

STATE OF KANSAS, *Appellee*, v. STEPHANIE URBANEK, *Appellant*.

Opinion filed December 21, 1990.

*Ronald P. Pope*, of McCullough, Wareheim & LaBunker, P.A., of Topeka, for the appellant.

*Steve M. Howe*, assistant district attorney, *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., RULON, J., and PAUL E. MILLER, District Judge, assigned.

MILLER, J.: This case concerns an apparent discrepancy between two statutes, K.S.A. 1989 Supp. 8-1567(e) and K.S.A. 21-4614. The issue involved is whether the trial court erred in requiring that defendant Stephanie Urbanek serve five consecutive days in jail, as required by 8-1567(e), thereby denying her

jail time credit, as contemplated by 21-4614, for the approximately three days she spent in jail prior to posting bond.

The facts are not complicated, are not in dispute, and will be discussed only briefly. Suffice it to say that defendant was arrested in Shawnee County on August 12, 1989, for driving while under the influence and certain other traffic offenses. On January 12, 1990, she pleaded no contest to the DUI charge, a violation of 8-1567, and the other charges were dismissed. Sometime between the time of her arrest and the date of her plea, defendant had been incarcerated for approximately three days in lieu of posting bond.

Defendant was sentenced on February 9, 1990, pursuant to 8-1567(e) because it was her second conviction. The transcript of the sentencing hearing reads in part:

"At this time, then, the Court will impose the following judgment and sentence:

"The defendant will be fined $1,000, paroled to $500, plus $110 evaluation fee, $92 court costs, and $25 probation fee.

"You will be sentenced to one year in the Shawnee County Jail, paroled to serve five consecutive days. Then you'll be granted two years' supervised probation under the following conditions."

The court went on to specify the conditions of probation, none of which are material to this appeal.

After the sentence was announced by the court, counsel requested that defendant be given credit for the three days she spent in jail in lieu of bond toward the requirement that she serve five consecutive days. The court denied the request.

At the outset, we feel compelled to comment that we are confused by the sentence imposed by the trial court. We are not sure what is meant by "fined $1,000, paroled to $500" or "sentenced to one year in the Shawnee County Jail, paroled to serve five consecutive days." Nor do we understand how this defendant can be "granted two years' supervised probation" after having served time in jail.

We would note that parole "means the release by a court of competent jurisdiction of a person confined in the county jail or other local place of detention after conviction and prior to expiration of such person's term, subject to conditions imposed by the court and its supervision." K.S.A. 21-4602(4). Probation

"means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment, subject to conditions imposed by the court and subject to the supervision of the probation service of the court." K.S.A. 21-4602(3). See *State v. Dubish*, 236 Kan. 848, Syl. ¶ 1, 696 P.2d 969 (1985).

Upon inquiry by this court at oral argument, counsel for the State and for the defendant advised that the typical procedure in Shawnee County is to impose sentence as outlined above. They suggested the purpose is to save the necessity of a second parole or probation hearing in the face of crowded dockets. If this is true, it is a process which is technically flawed. One cannot be paroled under our statutes until he or she has been incarcerated. One cannot be placed on probation after having first been incarcerated. This having been pointed out, we will turn to the issue on appeal.

Defendant contends she is entitled to three days' jail time credit in computing the five consecutive days' sentence she was ordered to serve. She bases her argument on K.S.A. 21-4614, which reads as follows:

"In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury or upon completion of an appeal, the judge, if he or she sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his or her parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution, *such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.* In recording the commencing date of such sentence the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are authorized by the Kansas adult authority are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state. correctional system. *Such jail time credit is not to be considered to reduce the minimum or maximum terms of confinement as are authorized by law for the offense of which the defendant has been convicted.*" (Emphasis added.)

The State, on the other hand, contends that defendant is not entitled to any jail time credit, based on 8-1567(e). It claims that,

since the statute required a second-time DUI offender to serve five consecutive days in jail "before the person is granted probation, suspension or reduction of sentence or parole or is otherwise released," defendant is not entitled to any credit toward the five days for the jail time she has already served.

Because the statutes involved appear to be contradictory, at least at first glance, we must look to certain rules of statutory construction. Fundamental among those rules is that the purpose and intent of the legislature governs when interpreting the meaning and effect of a statute. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). In determining legislative intent, this court should "consider the language of the statute, the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished, and the effect the statute may have under the various constructions suggested." *State v. Martin*, 14 Kan. App. 2d 138, 139, 783 P.2d 1316 (1989).

Prior to the 1985 amendment to 8-1567, a second-time DUI offender was required to serve at least five days in jail. In 1985, the word "consecutive" was added. (L. 1985, ch. 48, § 9.) At present, K.S.A. 1989 Supp. 8-1567(e) reads:

"On a second conviction of a violation of this section, a person shall be sentenced to not less than 90 days' nor more than one year's imprisonment and fined not less than $500 nor more than $1,000. Except as provided in subsection (g), *the person convicted must serve at least five consecutive days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole or is otherwise released.* As a condition of any grant of probation, suspension of sentence or parole or of any other release, the person shall be required to enter into and complete a treatment program for alcohol and drug abuse as provided in K.S.A. 8-1008 and amendments thereto." (Emphasis added.)

We note that under 8-1567(e) the listing of probation as a sentencing option following five consecutive days' imprisonment is erroneous and should be corrected by the legislature. A review of the legislative history of 8-1567 from 1982 to the present clearly indicates that second- and third-time DUI offenders will receive more sure and severe punishment than may have been the case in the past. See *Martin*, 14 Kan. App. 2d at 140. We conclude that it was the intent of the legislature that any second-time offender spend a minimum of five consecutive days in jail upon

conviction, regardless of how long he or she may have been incarcerated in lieu of bond.

Such a conclusion does not mean that defendant herein loses the jail time credit required by 21-4614. She is still entitled to it; however, it applies to her entire sentence and not to the minimum requirement. If, for example, defendant's parole is revoked after she has served five consecutive days, the credit would apply to the balance of the sentence she could serve upon revocation. Her sentence in this case was one year. From that would be deducted the five consecutive days served and the three days' jail time credit. Thus, the maximum that defendant could be required to serve upon revocation would be 357 days.

While we agree the trial court was correct in denying defendant three days' jail time credit, we remand for resentencing so that the confusing matters of paroling a fine and placing defendant on probation after incarceration can be clarified.

Affirmed, but remanded for clarification and correction of sentence.