No. 76,111

STATE OF KANSAS, *Appellant*, v. DONALD MASTERSON, *Appellee*.

929 P.2d 127

Opinion filed December 6, 1996.

*John L. Swarts III*, county attorney, argued the cause and *Carla J. Stovall*, attorney general, was with him on the brief for appellant.

*Charles Gentry*, of Short, Gentry & Bishop, P.A., of Fort Scott, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Six, J.: This is a statutory interpretation case arising from defendant Donald Masterson's conviction, under K.S.A. 1995 Supp. 8-1567, of driving under the influence of alcohol (DUI). After a trial to the court, Masterson was convicted of a class B misdemeanor for a first-time offense. His sentence of 6 months was suspended for 2 years, conditioned on payment of the docket fee, fine, probation fee, and the recommendations of an alcohol evaluation. He was given credit for the 5 days he spent in the county jail before trial against the mandatory 48 consecutive hours' imprisonment.

The State appeals on a question reserved under K.S.A. 22-3602(b)(3), arguing that Masterson should have been convicted of a class A misdemeanor (second offense under K.S.A. 1995 Supp. 8-1567) and sentenced accordingly, due to a prior DUI diversion. The State was not aware of the prior offense at the time Masterson was charged.

The issues are: (1) When the complaint/information alleges that Masterson has violated K.S.A. 1995 Supp. 8-1567, must it also specifically allege the severity level of the offense being charged, *i.e.*, class B misdemeanor for a first offense, or class A misdemeanor for a second offense; and (2) if Masterson is charged with and convicted of a class B misdemeanor under K.S.A. 1995 Supp. 8-1567(d), (a) may he be sentenced for a higher severity level offense under that statute and (b) can the 5 days in jail before posting bond be credited against the mandatory 48 consecutive hours of imprisonment?

We find no error in the rulings of the district court. We answer the first issue, "Yes," and part (a) of the second issue, "No." Under part (b) of the second issue, the 5-day jail time is credited against the mandatory 48 consecutive hours of imprisonment under K.S.A. 1995 Supp. 8-1567(d).

## Facts

The complaint against Masterson initially alleged: "[K.S.A.] 8-1567 Class A or B misdemeanor or Severity Level 9 Felony, to be

determined at sentencing." Masterson spent 5 days in jail and was released on bond. At the bond hearing, the judge asked if the State would be trying an A misdemeanor, B misdemeanor, or severity level 9 felony offense. The State responded that it would be trying a B misdemeanor. The State amended the complaint to specifically allege the class B misdemeanor offense, as the words "A" and "Severity Level 9 Felony, to be determined at sentencing" are lined out and initialed, leaving only "Class B misdemeanor."

K.S.A. 1995 Supp. 8-1567 provides in pertinent part:

"(d) *Upon a first conviction* of a violation of this section, *a person shall be guilty of a class B, nonperson misdemeanor* and sentenced to not less than 48 consecutive hours nor more than six months' imprisonment, or in the court's discretion 100 hours of public service, and fined not less than $200 nor more than $500. The person convicted must serve at least 48 consecutive hours' imprisonment or 100 hours of public service either before or as a condition of any grant of probation or suspension, reduction of sentence or parole.

"(e) *On a second conviction* of a violation of this section, *a person shall be guilty of a class A, nonperson misdemeanor* and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $500 nor more than $1,000. The five days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 48 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program. Except as provided in subsection (g), the person convicted must serve at least five consecutive days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole or is otherwise released." (Emphasis added.)

At the sentencing hearing, the State requested that Masterson be sentenced as a second offender. The State advised the court that at the time the complaint was filed, it was unaware that Masterson already had a diversion for a prior DUI offense in 1992. The State also argued that as a practical matter, a defendant's driving record is not available at the time the complaint is filed. The State asserted that Masterson's record of prior offenses should only be relevant for sentencing purposes and the level of offense need not be charged in the complaint. The district judge disagreed and sentenced Masterson for the B misdemeanor, as a first offender, although the State proffered Masterson's driving record, which reflected the prior DUI.

## DISCUSSION

Interpretation of a statute involves a question of law. Our standard of review is unlimited. *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996). We will not entertain a question reserved merely to show errors by a district court in ruling. Questions reserved generally presuppose that the case on appeal has concluded but that an answer to an issue of statewide importance is necessary for proper disposition of future cases. *Roderick*, 259 Kan. 107, Syl. ¶ 1. This case qualifies for review.

The State contends that there is no statutory requirement in K.S.A. 22-3201 (setting out the requirements for a complaint, information, or indictment), or otherwise, to give a defendant notice of the severity level of the DUI offense being charged under K.S.A. 1995 Supp. 8-1567. The State argues that the level of offense in a DUI case is only important at the time of sentencing, relying upon *City of Chanute v. Wilson*, 10 Kan. App. 2d 498, 704 P.2d 392, *rev. denied* 238 Kan. 877 (1985), and *State v. Helgeson*, 235 Kan. 534, 680 P.2d 910 (1984).

In *Wilson*, the Court of Appeals interpreted K.S.A. 1983 Supp. 8-1567(i) (now K.S.A. 1995 Supp. 8-1567[k]). The sentencing court, in determining the correct sentence for a DUI conviction, is to consider as prior offenses DUI convictions within 5 years before the date of the current offense, not 5 years before the date of conviction. *Wilson* did not address the language of the complaint.

In *Helgeson*, we interpreted K.S.A. 8-1567 (Ensley). Helgeson appealed his DUI conviction and sentence, arguing that the complaint was defective because it failed to allege the specific subsection of 8-1567 being violated, either subsection (d) (prescribing first offense penalties), (e) (prescribing second offense penalties), or (f) (prescribing third offense penalties). Helgeson was sentenced as a second offender, although the complaint did not allege that he was a second offender. The evidence of his prior conviction was presented during the presentence investigation. We affirmed the district court, stating: "A prior D.U.I. conviction is not a statutory element of the crime under K.S.A. 8-1567, and merely bears on the penalty imposed. There was no error in the complaint not

charging the prior offense." 235 Kan. at 536. The *Helgeson* court quoted from *State v. Loudermilk*, 221 Kan. 157, 160, 557 P.2d 1229 (1976), which identified DUI as a crime under which a previous conviction is not an element of the substantive crime, but serves only to enhance the punishment. 235 Kan. at 536.

In *Loudermilk*, the defendant appealed his conviction of possession of heroin, a class B felony under K.S.A. 1975 Supp. 65-4127a, and his sentence. The information filed against Loudermilk expressly alleged that he possessed heroin "after having previously been convicted of possession of heroin on May 3, 1971." 221 Kan. at 158. During the trial, the prosecutor introduced evidence of the prior conviction to the jury. Loudermilk argued that the allegation in the information of the prior conviction was "surplusage" and "unnecessary" and the prior conviction should have been brought out only at the time of sentencing.

We disagreed that the allegation of the prior conviction in the information was surplusage:

"[W]e think the defendant was entitled to know, and to be specifically advised by the information of the specific offense with which he was charged and the seriousness thereof, including the class of felony of which he stood accused. The information before us recited the prior conviction in detail, and noted that the offense charged was a class B felony. This gave the defendant proper notice of the charge." 221 Kan. at 159.

We recognized "a distinction between crimes in which a prior conviction of a felony is a necessary element, and crimes in which a prior conviction of the same crime is considered in establishing the class of felony or the penalty to be imposed." 221 Kan. at 159. We observed: "It is important to note that in each case where a prior conviction of felony is a necessary element of the crime, the fact of prior conviction is contained in the statutory definition of the crime rather than in the penalty section of the statute." 221 Kan. at 160.

*Loudermilk's* holding that the defendant is entitled to be advised in the information of the specific offense and seriousness of it, including the class of felony being charged, supports the district court's ruling here. The district court decided that the complaint

must specifically allege the severity level of the DUI being charged, be it a class A or B misdemeanor or a nonperson felony.

In 1993, the legislature amended K.S.A. 8-1567(d), (e), and (f), adding to the prescribed penalties for first, second, and third DUI's the crime classifications of class B nonperson misdemeanor for a first offense, class A nonperson misdemeanor for a second offense, and severity level 9 nonperson felony for a third offense. L. 1993, ch. 259, § 8. Before the amendment, all DUI's were misdemeanors of the same class. The sentencing options would depend on whether the DUI was a first, second, or third conviction. In 1994, the legislature amended subsection (f), deleting "severity level 9" and leaving the classification as "nonperson felony" for a third offense. L. 1994, ch. 291, § 2. Under subsections (d), (e), and (f) of K.S.A. 1995 Supp 8-1567, not only are the penalties for first, second, and third offenses prescribed, but the classifications of A or B misdemeanor or nonperson felony are also listed, according to the number of offenses. In the version of those subparagraphs interpreted in *Helgeson* and *Wilson*, only the penalties for first, second, and third offenses were prescribed. No crime classifications were provided. See L. 1983, ch. 37, § 2. We apply the *Loudermilk* rationale to this case. The addition in 1993 of the crime classifications in subsections (d), (e), and (f), the penalty provisions of 8-1567, do not make prior DUI convictions elements of the offense of DUI. The State should not be required to prove the prior convictions as part of the DUI trial. However, the *Loudermilk* rationale suggests that because different crime classifications are now specified in the statute, a defendant is entitled under due process to notice in the information or complaint of the severity level of the DUI offense being charged, *i.e.*, class A or B misdemeanor or nonperson felony.

K.S.A. 22-3201(c) (effective in 1993) provides: "When relevant, the complaint, information or indictment shall also allege facts sufficient to constitute a crime or specific crime subcategory in the crime seriousness scale."

The State points out the practical problem that the State may not have the defendant's driving record at the time the complaint is filed. However, as the State acknowledged during oral argument,

Masterson's driving records could have been obtained before trial and the complaint amended to charge him with a class A misdemeanor. Masterson should have the right to know before trial the severity level of the crime being charged. His right to a jury trial will be affected. See *State v. Jones*, 19 Kan. App. 2d 982, 879 P.2d 1141 (1994).

*Helgeson* is overruled to the extent it stands for the proposition that an information or complaint charging DUI need not allege the specific crime classification. However, proof of a prior conviction is not an element of DUI to be established at trial and need not be brought out until the sentencing phase.

### Sentencing

K.S.A. 1995 Supp. 8-1567(d) provides that the sentencing range for a class B nonperson misdemeanor DUI is 48 hours' to 6 months' confinement (or 100 hours of public service), and a fine of $200 to $500. The defendant must also complete an alcohol and drug safety action education or treatment program. Masterson was given credit for the 5 days he spent in jail before posting bond, which more than covered the mandatory 48 hours' imprisonment required for a first offense.

The State cites *State v. Urbanek*, 15 Kan. App. 2d 73, 803 P.2d 1030 (1990), contending that Masterson's sentence is illegal because he was sentenced as a first offender instead of a second offender and because he was improperly given credit against his sentence for the 5 days served in jail before bond was posted.

Urbanek spent 3 days in jail in lieu of bond. She pleaded to DUI and was sentenced under K.S.A. 1989 Supp. 8-1567(e) (second offense), with her sentence including 1 year in prison, to be "paroled" after serving 5 consecutive days. The 1989 statute, as does the current version, mandated that a second-time offender spend a minimum of 5 consecutive days in jail before probation, suspension or reduction of sentence, or parole are granted. Urbanek requested credit against the 5 consecutive days for the 3 days she spent in jail in lieu of bond. The district court denied the request. The Court of Appeals affirmed, deciding that Urbanek was entitled to credit for the 3 days, as provided in K.S.A. 21-4614, against the

entire 1-year sentence but not to the minimum requirement. 15 Kan. App. 2d at 77. The last sentence of K.S.A. 21-4614 provides: "Such jail time credit is not to be considered to reduce the minimum or maximum terms of confinement as are authorized by law for the offense of which the defendant has been convicted."

Masterson argues Urbanek was convicted of a second, not a first, DUI offense. Masterson contends that because he served 5 consecutive days in lieu of bond, he has satisfied both the minimum confinement and the probation/parole eligibility requirements for a first DUI offense. We agree. Urbanek had only served 3 consecutive days in lieu of bond, which did not satisfy the probation/parole eligibility requirement of 5 consecutive days.

The State reads *Urbanek* as holding that a defendant does not receive credit against the minimum probation/parole eligibility requirements for jail time, no matter how long the defendant may have been in jail in lieu of bond. According to the State, Masterson could be given credit for the 5 days against his 6-month sentence, but not against his minimum requirement of 48 consecutive hours. We do not agree.

Masterson's reading of *Urbanek* is aligned with the rule of construction that criminal statutes are to be strictly construed against the State. See *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993). If a defendant's time in jail in lieu of bond exceeds the minimum jail time for parole eligibility for the offense of conviction, it is not contrary to either K.S.A. 21-4614 or K.S.A. 1995 Supp. 8-1567 to allow credit for that time. There is nothing in the language of K.S.A. 1995 Supp. 8-1567(d) requiring that the 48 consecutive hours be served by Masterson after conviction despite time served before conviction. Here the credit for jail time actually served does not "reduce the minimum or maximum terms of confinement," as prohibited under K.S.A. 21-4614.

## Other Issues

Masterson also points out that the State failed to comply with K.S.A. 60-405 in proffering his driving record at the sentencing hearing.

The State did not include Masterson's driving record in the record on appeal. The district court did not consider it in sentencing Masterson. Because the State charged Masterson with a class B misdemeanor DUI and failed to amend its complaint to allege any higher severity level DUI, the district court's failure to consider Masterson's driving record at sentencing was proper. The question of whether the State offered the proper documentation to establish Masterson's prior conviction at sentencing need not be addressed.

The State's appeal on a question reserved is denied.