(969 P.2d 917)
No. 78,522

STATE OF KANSAS, *Appellant,* v. JAMES R. WOLVERTON, *Appellee.*

Opinion filed December 18, 1998.

*Julie McKenna,* county attorney, and *Carla J. Stovall,* attorney general, for appellant.

*James Brent Getty* and *Lisa Nathanson,* assistant appellate defenders, and *Jessica R. Kunen,* chief appellate defender, for appellee.

Before MARQUARDT, P.J., LEWIS, J., and C. FRED LORENTZ, District Judge, assigned.

LORENTZ, J: The State of Kansas appeals under K.S.A. 22-3602(e) the imposition of James Wolverton's sentence following his guilty plea to one count of felony driving with a suspended license. The State argues the trial court erred in not ordering Wolverton to serve the mandatory 5 days' imprisonment that is required under the driving while suspended statute, K.S.A. 1994 Supp. 8-262(a)(3), before being released on probation.

Before his conviction and sentencing, Wolverton spent more than 5 days in jail. At sentencing, Wolverton argued that he should receive credit for the time he spent incarcerated and that he should be placed on probation. The State objected to any jail time credit against the mandatory 5 days' imprisonment required by K.S.A. 1994 Supp. 8-262(a)(3).

This appeal involves the interpretation of K.S.A. 1994 Supp. 8-262(a)(3). Interpretation of a statute is a question of law. Accord-

ingly, this court's standard of review is unlimited. See *State v. Miller*, 260 Kan. 892, 895, 926 P.2d 652 (1996).

K.S.A. 1994 Supp. 8-262(a)(3) provides, in relevant part, that "every person convicted under this section shall be sentenced to at least five days' imprisonment and fined at least $100 and upon a second or subsequent conviction shall not be eligible for parole until completion of five days' imprisonment."

The State argues that K.S.A. 1994 Supp. 8-262(a)(3) is similar to the driving under the influence (DUI) statute, K.S.A. 8-1567, which requires a defendant to serve a mandatory term of imprisonment before being released on probation, suspension, or reduction of sentence. The State argues that in *State v. Urbanek*, 15 Kan. App. 2d 73, 77, 803 P.2d 1030 (1990), this court found the legislative intent behind K.S.A. 1995 Supp. 8-1567(e) was for the offender to serve the mandatory minimum term of imprisonment upon conviction, "regardless of how long he or she may have been incarcerated in lieu of bond." The State maintains that the reasoning in *Urbanek* is equally applicable to K.S.A. 1994 Supp. 8-262(a)(3).

Wolverton responds by referring this court to *State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996). In that case, Masterson received credit for the 5 days he spent incarcerated before posting bond against the mandatory 48 hours' imprisonment required for a first-time DUI offender under K.S.A. 1995 Supp. 8-1567(d). On appeal, the State relied on *Urbanek* in contending that the district court improperly gave Masterson credit against this sentence.

The Supreme Court rejected the State's argument. The court distinguished *Urbanek* on its facts, noting that Urbanek did not serve enough time in jail before posting bond to satisfy the mandatory 5 consecutive days' imprisonment under K.S.A. 1989 Supp. 8-1567(e). The court recognized that Masterson, in contrast, had more than satisfied the mandatory 48 consecutive hours prior to being sentenced. The court also noted that K.S.A. 1995 Supp. 8-1567(d) does not contain any language which requires the mandatory 48 hours to be served *after* a conviction.

One of the fundamental rules of statutory construction is that criminal statutes are strictly construed against the State. *State v.*

*JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993). Like K.S.A. 8-1567, the plain language of K.S.A. 1994 Supp. 8-262(a)(3) does not indicate when an offender must serve the mandatory 5 days' imprisonment. If, prior to sentencing, a defendant has served time in jail in lieu of bond in excess of the mandatory minimum required to be served before probation eligibility, and the applicable statute is silent as to when the mandatory minimum must be served, then such defendant is entitled to full credit against the mandatory minimum for the time previously served. Here, the journal entry reveals that Wolverton received 29 days of credit for time he spent incarcerated. Wolverton has more than fulfilled the minimum confinement and probation eligibility requirements for the offense.

Affirmed.