(7 P.3d 1277)

No. 83,369

STATE OF KANSAS, *Appellee*, v. JEROME DALE PETZ, *Appellant*.

Opinion filed July 28, 2000.

Peter Maharry, assistant appellate defender, Jessica R. Kunen, chief appellate defender, for the appellant.

Thomas J. Drees, county attorney, and Carla J. Stovall, attorney general, for the appellee.

Before GREEN, P.J., LEWIS, J., and ROBERT J. FLEMING, District Judge, assigned.

LEWIS, J.: Defendant Jerome Dale Petz was charged with 24 separate counts of criminal violations, all in one complaint. After negotiations, defendant and the State entered into a plea bargain,

whereby defendant agreed to plead guilty to 14 felony counts of the 24 listed in exchange for a dismissal of the remaining counts and assurances that the State would not seek an upward departure in sentencing. The trial court sentenced defendant to an underlying prison term of 42 months, wherein the sentences on the first three counts were to run consecutively and the remaining counts were to run concurrently. Defendant was then placed on 24 months' probation, subject to the terms of the underlying sentence. One of the conditions of defendant's probation was that he serve 90 days in the county jail, which was computed by sentencing him to 30 days on each of the first three counts and running those sentences consecutively. The State requested that the court reconsider the sentence by giving defendant jail time credit for the 86 days he spent in the Ellis County Jail and applying the credit to his 90-day probation term. The trial court refused to grant the credit. Defendant appeals the conditions of his probation and the trial court's refusal to grant him jail time credit.

On appeal, defendant argues the trial court's order requiring him to serve 90 days in jail as a condition of probation is not authorized by K.S.A. 1999 Supp. 21-4603d(a)(3) and is an illegal sentence. He also argues the trial court erred in refusing to give him jail time credits of 86 days.

## JAIL TIME CREDIT

Defendant and the State both suggest the trial court erred in failing to give defendant 86 days jail time credit to be applied to his 90-day probation sentence. We agree with the parties and conclude the trial court erred in this regard.

The trial judge refused to grant defendant's requested jail time credit, stating that he intended for defendant to serve 90 days in jail as a condition of probation. Accordingly, he ordered the 86 days of jail time credit to apply to the underlying sentence of 42 months and not to the 90 days defendant was required to serve as a condition of probation.

K.S.A. 21-4614 states, insofar as it is relevant to this appeal, the following:

"In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury or upon completion of an appeal, the judge, *if he or she*

*sentences the defendant to confinement*, shall direct that for the purpose of computing defendant's sentence and his or her parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution, such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

In order for a defendant to receive jail time credit under the statute quoted above, that defendant must have been sentenced to some type of confinement. In this case, defendant was required to serve 90 days in jail as a condition of probation, and we conclude that those 90 days certainly constitute confinement. K.S.A. 1999 Supp. 21-4603d(a)(3) states in part: "[T]he court may include *confinement* in a county jail." (Emphasis added.) There is no question that defendant was sentenced to confinement under this statute.

We have held that "[j]ail time credit is earned under K.S.A. 21-4614 only for time spent in jail solely on the account of the offense for which the defendant is being sentenced. See *State v. Calderon*, 233 Kan. 87, Syl. ¶ 8, 661 P.2d 781 (1983)." *State v. Hartman*, 27 Kan. App. 2d 98, 103, 998 P.2d 128 (2000). There is no dispute that defendant's 86 days in the Ellis County Jail were spent solely because of the charges in this case.

We hold the trial court erred in refusing to apply the jail time credit toward the jail time ordered as a condition of probation. Accordingly, we vacate defendant's sentence and remand the matter for resentencing in accordance with this opinion.

## K.S.A. 1999 Supp. 21-4603d(a)(3)

The question on this issue is whether a trial court may, on a multicount complaint, require a defendant to serve 90 days in the county jail by placing the defendant on three probations on three separate counts and requiring him to serve 30 days on each count and then running the sentences consecutively. We note that if the trial court was correct in this case, a trial court may run any number of counts consecutively. For instance, in this case, it could have run all 14 counts consecutively and required defendant to serve 420 days in jail as a condition of probation on each separate count.

We do not believe the legislature intended for such a situation to exist.

The question is one of statutory interpretation in which our standard of review is unlimited. In *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998), the Supreme Court said:

"The fundamental rule of statutory construction is that the intent of the legislature governs when that intent can be ascertained from the statute. *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996). The general rule is that criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citations omitted.]"

There are at least three statutes which contain similar language and which are relevant to this issue.

K.S.A. 21-4602(c) defines probation:

" 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court or community corrections. *In felony cases, the court may include confinement in a county jail not to exceed 30 days, which need not be served consecutively, as a condition of probation pursuant to subsection (b)(3) of K.S.A. 21-4603 and amendments thereto.*" (Emphasis added.)

K.S.A. 1999 Supp. 21-4603d(a)(3) provides:

"(a) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:
(3) release the defendant on probation if the current crime of conviction and criminal history fall within a presumptive nonprison category or through a departure for substantial and compelling reasons subject to such conditions as the court may deem appropriate. *In felony cases except for violations of K.S.A. 8-1567 and amendments thereto, the court may include confinement in a county jail not to exceed 30 days, which need not be served consecutively, as a condition of probation or community corrections placement.*" (Emphasis added.)

K.S.A. 1999 Supp. 21-4610(c)(14) states:

"(c) The court may impose any conditions of probation, suspension of sentence or assignment to a community correctional services program that the court deems proper, including but not limited to requiring that the defendant:

(14) *in felony cases, except for violations of K.S.A. 8-1567 and amendments thereto, be confined in a county jail not to exceed 30 days, which need not be served consecutively.*" (Emphasis added.)

Defendant argues that under 21-4603d(a)(3) and 21-4610(c)(14), the legislature has clearly stated that confinement in the county jail as a condition of probation cannot exceed 30 days in a felony case. The failure of defendant to raise this issue before the trial court is not a bar to our review because we have specific statutory jurisdiction to correct an illegal sentence at any time. K.S.A. 22-3504(1); *State v. Scherzer*, 254 Kan. 926, 930, 869 P.2d 729 (1994).

The trial judge in this case explained his reasons for ordering the 30 days for each of three counts to run consecutively as a condition of probation:

"Well, the statute says the Court may include confinement in the county jail not to exceed 30 days which need not be served consecutively. Well need not be served consecutively implies that it can be served consecutively. I admit that this definitely is not well spelled out in this statute, but my conclusion in looking at it is that it can be served consecutively."

There is no question that the trial court's reasoning is rational and expresses at least one interpretation of the language used by the legislature and the statutes quoted above.

Defendant argues the phrase "which need not be served consecutively" was not used by the legislature in the context adopted by the trial court because it is contrary to a plain and unambiguous language that confinement in a county jail is "not to exceed 30 days."

Defendant argues that the phrase "need not be served consecutively" simply means that the 30 days in jail need not be served on consecutive days but might be served, for instance, on weekends. We consider that to be a reasonable construction of the statute. We note that 21-4603d(a)(3) contains a reference to K.S.A. 8-1567. That statute, of course, deals with the penalties for driving under the influence of alcohol or drugs. In a number of instances, the minimum penalty provided for in that statute is required to be served consecutively, and the legislature has made that clear. For instance, K.S.A. 8-1567(e) deals with a second conviction of a vi-

olation of the statute and states: "The five days imprisonment mandated by this subsection may be served in a work release program *only after such person has served 48 consecutive hours imprisonment.*" (Emphasis added.) In subsection (b) of 8-1567, a reference is made to "not less than 48 consecutive hours," and the same language is used in subsection (f), which refers to work release and provides that a defendant may be put in a work release program "only after such person has served 48 consecutive hours imprisonment."

The legislature in 8-1567 made it perfectly clear that the time in the county jail mandated by that statute must be served consecutively. It appears to us that a similar interpretation could be made of the language in 21-4603d(a)(3), and that the term "need not be served consecutively" simply means that the 30 days could be served on weekends or at other times to satisfy the condition of probation.

We have been unable to locate any other Kansas case directly on point. However, other decisions have at least considered the statutes involved. In *State v. Thomas*, 26 Kan. App. 2d 171, 981 P.2d 1178 (1999), defendant entered a plea of guilty to a drug charge and was sentenced to probation. The community corrections facility which the trial court used did not have an opening, and the defendant was kept in jail indefinitely until that opening occurred. The trial court stated that the jail time was not a condition of his probation. On appeal, the defendant argued the trial court did not have the authority to confine him beyond 30 days under K.S.A. 21-4610(c)(13) and K.S.A. 21-4602(c). In deciding the issues in that case, we held the confinement was a condition of his probation and that he could not be held beyond 30 days under the statutes. 26 Kan. App. 2d at 175.

We believe the past and future history of the statute also provides an explanation of the legislature's intention. In *State v. Winters*, 25 Kan. App. 2d 386, 389, 966 P.2d 678 (1998), we discussed the legislative history of K.S.A. 21-4610(c) and K.S.A. 21-4602 as follows:

"Prior to July 1, 1991, K.S.A. 21-4610(c) did not include a specific provision expressly allowing a sentencing court to impose confinement in jail as a condition

of probation. See K.S.A. 21-4610(3) (Ensley 1988). In *State v. Walbridge*, 14 Kan. App. 2d 483, 794 P.2d 316 (1990), *rev'd on other grounds* 248 Kan. 65, 805 P.2d 15 (1991), the court concluded that jail time constituted imprisonment and was, therefore, incompatible with probation.

"In 1991, seemingly in response to the *Walbridge* decision, the legislature amended K.S.A. 21-4602 and K.S.A. 21-4610 to expressly allow jail time to be ordered as a condition of probation. K.S.A. 21-4602 was amended to define probation as 'a procedure under which a defendant . . . is released by the court after imposition of sentence, without imprisonment except as provided in felony cases.' K.S.A. 21-4602(c). K.S.A. 21-4610 was amended to include an additional provision under which district courts could order up to 60 days' county jail time in felony cases as a condition of probation. K.S.A. 1991 Supp. 21-4610(3)(m). In 1993, the statute was amended to limit the time spent in jail as a condition of probation to 30 days. K.S.A. 1993 Supp. 21-4610(c)(13)."

The discussion of legislative history set forth above indicates the legislature intended to limit a trial court's discretion in ordering jail time as a condition of probation.

The 2000 legislature amended K.S.A. 1999 Supp. 21-4603d(a)(3) to provide that

"[w]henever any person has been found guilty of a crime, the court may adjudge any of the following: . . . (3) release the defendant on probation if the current crime of conviction and criminal history fall within a presumptive nonprison category or through a departure for substantial and compelling reasons subject to such conditions as the court may deem appropriate. In felony cases, except for violations of K.S.A. 8-1567 and amendments thereto, the court may include confinement in a county jail not to exceed *60 days*, which need not be served consecutively, as a condition of *an original probation sentence and up to 60 days in a county jail upon each revocation of the probation sentence*, or community corrections placement." L. 2000, ch. 182, § 3.

It appears that the legislature did not believe a trial court had the authority to confine an individual for more than 30 days or it would not have amended the statute to increase that probation time to 60 days. As we read the statute, a trial court may now place an individual in the county jail for a time not to exceed 60 days as a condition of an original probation and may confine individuals up to 60 days in a county jail upon each revocation of the probation sentence.

We hold that under K.S.A. 1999 Supp. 21-4603d(a), the legislature intended to limit the total time an individual may be con-

fined in a county jail as a condition of probation to 30 days. We hold that in a multicount complaint or information, a trial court may not require that the defendant serve 30 days on each count consecutively to increase the period of confinement ordered as a result of probation.

We conclude that the trial court erred in sentencing defendant to 90 days' confinement in the county jail as a condition of his probation. We vacate the sentence imposed by the trial court and remand the matter with orders to resentence defendant. Upon remand, the trial court may order defendant to serve no more than 30 days as a result of probation. We have earlier ordered that the trial court erred in not applying the 86 days of jail time credit to defendant's confinement as a result of his probation. On remand, the trial court is directed to apply 30 days of jail time credit towards the jail time imposed as a condition of probation, and the balance of jail time credit would be applied to defendant's underlying prison sentence.

Defendant's sentence is vacated and the matter is remanded for resentencing in accordance with this opinion.

Vacated and remanded.