(31 P.3d 317)

No. 86,017

STATE OF KANSAS, *Appellee*, v. WILLIAM PETERSON, *Appellant*.

Opinion filed September 14, 2001.

*Kathryn B. Wall*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Robin A. Graham*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., MARQUARDT, J., and WAHL, S.J.

KNUDSON, J.: The defendant, William Peterson, spent 4 days, 3 hours, and 12 minutes in jail prior to imposition of sentence as a second-time offender for driving under the influence of alcohol, contrary to K.S.A. 2000 Supp. 8-1567(a). The issue on appeal is whether his pre-conviction jail time should be credited against the mandatory minimum of "at least five consecutive days' imprisonment" required in K.S.A. 2000 Supp. 8-1567(e). We affirm the district court's determination that Peterson was not entitled to credit.

After his arrest, Peterson was placed in custody at 2:05 p.m. on February 13, 2000. He posted bond at 5:10 p.m. on February 17, 2000. Peterson entered a plea of no contest and was sentenced on August 22, 2000. For the offense of driving under the influence of

alcohol, the district court imposed a sentence of 90 days and further provided that Peterson be released on supervised probation after serving the 5 days' mandatory imprisonment required in K.S.A. 2000 Supp. 8-1567(e). The court also stated:

"[T]he Court considers that the defendant at the time of his arrest was in custody for four days, three hours and twelve minutes, but the court rules that this is not sufficient for the mandatory sentence required by K.S.A. 8-1567(e). The Court does allow the four days, three hours and twelve minutes as jail credit for the overall ninety-day sentence."

Whether the district court erred requires interpretation of K.S.A. 2000 Supp. 8-1567(e) and K.S.A. 21-4614. Our standard of review is unlimited. *State v. Masterson*, 261 Kan. 158, 161, 929 P.2d 127 (1996).

We are benefitted by several reported cases. In *State v. Urbanek*, 15 Kan. App. 2d 73, 803 P.2d 1030 (1990), the defendant served 3 days in custody after arrest and before posting bond. A panel of this court concluded the district court did not err in denying jail time credit as to the mandatory minimum imprisonment under K.S.A. 1989 Supp. 8-1567(e) because it was "the intent of the legislature that any second-time offender spend a minimum of five consecutive days in jail upon conviction, regardless of how long he or she may have been incarcerated in lieu of bond." 15 Kan. App. 2d at 76-77.

In *State v. Masterson*, Masterson was convicted of being a first-time DUI offender. He was granted 5 days' jail time credit for the time he spent in jail before trial against the mandatory 48 consecutive hours' imprisonment under the DUI statute. The State appealed. Citing *Urbanek*, the State argued the district court erred in granting jail time credit against the mandatory minimum sentence.

In affirming the district court, the *Masterson* court found nothing in the DUI statute required that the minimum sentence be served after conviction, thus rejecting the State's reading of the holding in *Urbanek*, 261 Kan. at 165. However, the court proceeded to explain: "If a defendant's time in jail in lieu of bond *exceeds the minimum jail time* for parole eligibility for the offense of conviction, it is not contrary to either K.S.A. 21-4614 or K.S.A.

1995 Supp. 8-1567 to allow credit for that time." (Emphasis added.) 261 Kan. at 165.

In *State v. Wolverton*, 25 Kan. App. 2d 737, 969 P.2d 917 (1998), the defendant served 29 days in jail after his arrest for felony driving with a suspended license (DWS) before posting bond. The district court granted jail time credit against the 5 days' mandatory imprisonment required by the DWS statute, and the State appealed. 25 Kan. App. 2d at 737, 739. Wolverton relied upon *Masterson*. This court noted the DWS statute, like the DUI statute, did not require the mandatory 5 days' imprisonment to be served after conviction. It held that if a defendant has served time in jail in lieu of bond prior to sentencing *"in excess of the mandatory minimum required to be served before probation eligibility, and the applicable statute is silent as to when the mandatory minimum must be served, then such defendant is entitled to full credit against the mandatory minimum for the time previously served."* (Emphasis added.) 25 Kan. App. 2d at 739. The court found Wolverton had more than fulfilled the minimum sentence based upon his time in custody in lieu of posting bond. 25 Kan. App. 2d at 739.

Under the holdings in *Masterson* and *Wolverton*, we conclude Peterson would only be entitled to credit if a partial day may be considered as a full day under K.S.A. 2000 Supp. 8-1567(e).

"[W]hen a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute." *In re Marriage of Killman*, 264 Kan. 33, 43, 955 P.2d 1228 (1998). Additionally, "[t]he rule of strict construction means that ordinary words are to be given their ordinary meaning." *Matjasich v. State Dept. of Human Resources*, 271 Kan. 246, 252, 21 P.3d 985, 989 (2001).

In *State v. Martin*, 14 Kan. App. 2d 138, 783 P.2d 1316 (1989), *rev. denied* 246 Kan. 769 (1990), the defendant argued work release was an acceptable form of imprisonment for serving the mandatory minimum 90-day jail sentence for his third DUI conviction. K.S.A. 1988 Supp. 8-1567 was silent on whether work release was authorized as a form of imprisonment. 14 Kan. App. 2d at 138-39. That statute also did not include the word "consecutive" for the

minimum sentence on a third DUI conviction. This court held the 90 days' imprisonment for a third DUI conviction must be served consecutively and work release was excluded from the definition of imprisonment. 14 Kan. App. 2d at 140.

In 1990, the legislature amended the DUI statute and authorized work release for second and third convictions only after a minimum of 48 hours in jail had been served. L. 1990, ch. 47, § 3. "The five days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 48 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day." K.S.A. 2000 Supp. 8-1567(e). Thus, only within the context of work release has the legislature explicitly authorized credit for partial days in confinement to be counted as full days for purposes of credit under the statute. It would appear the legislature has chosen not to allow credit for partial days in confinement under other circumstances.

We also note that in Black's Law Dictionary 402 (7th ed. 1999), a day is defined as "[a]ny 24-hour period; the time it takes the earth to revolve once on its axis."

We hold that under the unambiguous language of K.S.A. 2000 Supp. 8-1567(e) and the ordinary definition of a "day," the legislature did not intend 4 days, 3 hours, and 12 minutes to be the equivalent of 5 consecutive days' imprisonment.

Before concluding, we will briefly explain why the following cases Peterson has relied upon are not persuasive. In *State v. Wheeler*, 24 Kan. App. 2d 616, 949 P.2d 634 (1997), *rev. denied* 264 Kan. 824 (1998), an aggravated indecent liberties case, the Sedgwick County District Court denied Wheeler's request for jail time credit while held on unrelated charges in a different county but granted 2 days of jail time credit as solely related to the Sedgwick County charges. On appeal, the issue was whether the district court erred in not granting additional credit. Peterson, apparently misunderstanding the issue in *Wheeler*, argues that in affirming the district court, there was an implicit holding by the Court of Appeals that the defendant was rightfully given 2 days' credit notwithstanding that he was imprisoned less than 48 hours

on the Sedgwick County charges. Under the facts of the case, *Wheeler* does not address the issue now presented for our consideration.

Likewise, *State v. Jackson*, 557 N.W.2d 552 (Minn. 1996), is not helpful. Minnesota's sentencing guidelines specifically provide for jail time to be rounded to the nearest whole day when determining days to be credited. 557 N.W.2d at 553. We have no comparable statute or regulation.

In *State v. Petz*, 27 Kan. App. 2d 805, 7 P.3d 1277 (2000), the defendant received three consecutive terms of 30 days in jail as a condition of probation on an underlying prison term of 42 months. The district court denied a request to apply 86 days' jail time credit against the 90-day probation sentence. This court vacated the sentence and remanded for resentencing, holding the jail time credit should have been applied toward the jail time ordered as a condition of probation. 27 Kan. App. 2d at 807. *Petz* does not apply because it did not involve jail time credit toward a minimum sentence mandated by statute.

Affirmed.