No. 119,464

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN D. R. CHARDON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. The mootness doctrine is a court policy, which recognizes that the role of the court is to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive. We do recognize an exception when the question is capable of repetition and is of public interest even though the case has become moot for the present parties.

2.

If the court makes a finding that the offender has committed one or more violations of the release conditions of the probation, the court may impose confinement in a county jail not to exceed 60 days upon each such finding. K.S.A. 2018 Supp. 22-3716(c)(11). Such confinement is separate and distinct from the violation sanctions provided in K.S.A. 2018 Supp. 22-3716(c)(1)(B), (c)(1)(C), (c)(1)(D), and (c)(1)(E) and shall not be imposed at the same time as any such violation sanction.

3.

In general, criminal statutes are strictly construed in favor of the accused. That rule is constrained by the rule that interpreting a statute must be reasonable and sensible to effect the legislative design and intent of the law.

4.

When the Legislature shows that it knew how to create an exception and fails to do so, our courts assume the Legislature did not intend to include such an exception.

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed August 23, 2019. Reversed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE, J., and NEIL B. FOTH, District Judge, assigned.

HILL, J.: As a sanction for violating his probation, the court ordered Christian Chardon to serve 60 days in jail. Because he could not make bond, Chardon had spent 65 days in jail awaiting disposition of the alleged probation violations. On appeal, he contends the district court should have credited this time toward the 60-day sanction. After reviewing the cases and considering the rule of lenity and how the Legislature created the 60-day sanction, we agree with Chardon. He should have received credit.

Chardon had pled no contest to felony theft and felony fleeing or eluding a police officer. The court sentenced him to a prison term which it suspended to 12 months' probation. Later, Chardon never reported as required and no longer lived at the address he had given when placed on probation.

A few months later, police arrested Chardon in Arizona and brought him back for a probation violation hearing. Chardon stipulated to the probation violations, but the parties disputed whether Chardon had "absconded" from supervision, which would permit the district court to bypass the statutory requirement to impose an intermediate sanction and send him directly to prison.

The court set the matter for a disposition hearing on March 9, 2018, and ordered Chardon to remain in custody until that time. For a reason not apparent from the record, the disposition hearing was not held until March 30, 2018. In total, Chardon spent 65 days incarcerated awaiting disposition.

At the disposition hearing, the court ruled that because the State did not allege in its affidavit that Chardon had absconded or committed a new crime, the court could not bypass the intermediate sanctions based on those allegations. Given this ruling—which was not appealed—the court limited itself to imposing a 60-day jail sanction.

The court thus imposed the 60-day jail sanction under K.S.A. 2017 Supp. 22-3716(c)(11), and extended Chardon's probation for 12 months. Over Chardon's objection, the court refused to credit the 65 days he was incarcerated awaiting disposition toward the sanction and ordered the 60-day sanction to begin from the date of disposition. The court instead credited those 65 days toward his underlying sentence.

A fundamental question arises. Does the time spent in jail awaiting disposition of probation violations count toward the 60-day sanction? But before we address that question we look to see if the issues are moot since Chardon has already served the 60-day sanction.

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. The mootness doctrine is a court policy, which recognizes that the role

3

of the court is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). We do recognize an exception when the question is capable of repetition and is of public interest even though the case has become moot for the present parties. 295 Kan. at 850.

We must recognize certain realities. While this court tries to be efficient, it takes longer than 60 days for an appeal to be docketed, the transcripts to be prepared, the briefs to be filed, the case to be assigned to a panel, and the matter to be decided by this court.

Because of this reality, this court has reviewed other issues involving jail sanctions. See *State v. Allen*, 55 Kan. App. 2d 87, 91, 407 P.3d 661 (2017). In *Allen*, the court reviewed whether the court could order two 60-day sanctions to be served consecutively if the offender was on probation in several cases. And then in *State v. Kurtz*, 51 Kan. App. 2d 50, 53, 340 P.3d 509 (2014), this court examined whether the district court erred in imposing a 60-day jail sanction for an offender's first probation violation under a 2012 statute. Thus, we see that there is a public interest in these issues.

Next, we see that the questions arising here are capable of repetition because district courts can order a 60-day jail sanction for probation violations in most felony cases, and it is a matter of public importance that the courts know how to properly apply the statute. For these reasons, we hold that the mootness doctrine does not bar our inquiry.

Our inquiry begins with the statute. The 60-day sanction provision reads:

> "(11) If . . . the court makes a finding that the offender has committed one or more violations of the release conditions of the probation, . . . the court may impose

confinement in a county jail not to exceed 60 days upon each such finding. Such confinement is separate and distinct from the violation sanctions provided in subsection (c)(1)(B), (c)(1)(C), (c)(1)(D) and (c)(1)(E) and shall not be imposed at the same time as any such violation sanction." K.S.A. 2018 Supp. 22-3716(c)(11).

That law does not state when the 60 days begins.

Contrast that provision with the "intermediate sanction" provisions which do explicitly state when the sanctions begin, upon pronouncement by the judge and with no credit for time served:

"(C) . . . custody of the secretary of corrections for a period of 120 days, subject to a reduction of up to 60 days in the discretion of the secretary. . . . *The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit*, except as provided in subsection (c)(7)." (Emphasis added.) K.S.A. 2018 Supp. 22-3716(c)(1)(C).

"(D) . . . custody of the secretary of corrections for a period of 180 days, subject to a reduction of up to 90 days in the discretion of the secretary. . . . *The sanction imposed pursuant to this subparagraph shall begin upon pronouncement by the court and shall not be served by prior confinement credit*, except as provided in subsection (c)(7)." (Emphasis added.) K.S.A. 2018 Supp. 22-3716(c)(1)(D).

Resolution of this issue requires statutory interpretation. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be learned. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to learn legislative intent through the statutory language enacted, giving common words their ordinary meanings. With no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court

use canons of construction or legislative history to construe the Legislature's intent. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

In general, criminal statutes are strictly construed in favor of the accused. That rule is constrained by the rule that interpreting a statute must be reasonable and sensible to effect the legislative design and intent of the law. *Barlow*, 303 Kan. at 813. The rule of lenity arises only when there is any reasonable doubt of the statute's meaning. *State v. Williams*, 303 Kan. 750, 760, 368 P.3d 1065 (2016). The rule of lenity applies here.

Prior cases persuade us to apply the rule. When there is nothing in the language of a statute requiring a term of imprisonment be served by the defendant after the conviction, despite time served before the conviction in lieu of bond, then the defendant is allowed credit for time already served. See *State v. Masterson*, 261 Kan. 158, 165, 929 P.2d 127 (1996). In *Masterson*, the court interpreted K.S.A. 1995 Supp. 8-1567(d), which required an offender to serve at least 48 consecutive hours' imprisonment for a conviction. 261 Kan. at 165.

Similarly, but not identically, our Supreme Court has said that the "right to jail time credit is statutory." *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Presumably then, silence of the statute alone does not create a right to jail time credit. Though the *Hopkins* court was speaking about credit toward an offender's underlying sentence, that is not at issue here.

In *State v. Petz*, 27 Kan. App. 2d 805, 807, 7 P.3d 1277 (2000), the court held that earned "jail time credit" applies toward the jail time ordered when a court sentences a defendant to confinement in county jail for 60 days as an original condition of a probation sentence under what is now K.S.A. 2018 Supp. 21-6604(a)(3). In so holding, the court interpreted what is now K.S.A. 2018 Supp. 21-6615(a). That statute directs the court how to compute a defendant's sentence begins date when the court "sentences the

6

defendant to confinement," considering incarceration credit earned when the defendant was "incarcerated pending the disposition of the defendant's case." K.S.A. 2018 Supp. 21-6615(a). The *Petz* court held that jail time ordered as an original condition of probation was a sentence of confinement under K.S.A. 2018 Supp. 21-6615(a). Thus, the district court should have applied the defendant's earned jail time credit toward the jail time ordered. 27 Kan. App. 2d at 807.

The same reasoning applies here. The difference between the jail time ordered in *Petz* and the jail time ordered here is that the jail time ordered in *Petz* was not for a probation *violation*, it was an original condition of the defendant's probation. The *Petz* court's reasoning can be extended to the 60-day jail sanction at issue if a sanction for a probation violation is a sentence of confinement under K.S.A. 2018 Supp. 21-6615(a). We address the State's argument to the contrary later.

We also find it significant that the Legislature added the 60-day sanction to 22-3716(c)(11) at the same time it added the language to the intermediate sanction provisions stating that the intermediate sanctions "shall begin upon pronouncement by the court and shall not be served by prior confinement credit." L. 2014, ch. 102, § 8.

The lack of similar language stating that the 60-day jail sanction begins "upon pronouncement by the court" suggests that the Legislature purposefully excluded that language. The Legislature noted that the 60-day sanction "is separate and distinct" from the intermediate sanctions. K.S.A. 2018 Supp. 22-3716(c)(11). When the Legislature shows that it knew how to create an exception and fails to do so, our courts assume the Legislature did not intend to include such an exception. *Hopkins*, 295 Kan. at 584. The Legislature knew how to exempt the 60-day jail sanction from jail time credit, but did not do so.

7

We are unconvinced by the State's argument. The State contends that these 60-day sanctions are not a sentence of confinement, thus, ignoring the fact that the defendant is locked up in jail for 60 days. By using dictionary definitions, the State tries to avoid the consequences of K.S.A. 2018 Supp. 21-6615(a). In the State's view, if these 60-day sanctions are not sentences of confinement, then there is no rule or case calling for credit for time spent in jail.

Those definitions used by the State come from Black's Law Dictionary. They were not adopted by the Legislature. Frankly, the lack of similar language stating that the 60-day jail sanction begins "upon pronouncement by the court" suggests that the Legislature purposefully excluded that language. The Legislature clearly noted that the 60-day sanction "is separate and distinct" from the intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c)(11).

In other words, how the Legislature created these sanctions leads us to believe that an offender must receive credit for time served in jail awaiting disposition of a probation violation motion. The Legislature withheld jail credit for some penalties, but not all. This sanction is one that calls for credit.

Chardon spent 65 days in jail before the court imposed the sanction. Thus, he had served the required time and should have received credit.

Reversed.