NOT DESIGNATED FOR PUBLICATION

No. 122,631

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LESLEY MUNOZ-PANUCO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed October 1, 2021. Appeal dismissed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: Lesley Munoz-Panuco served a 60-day jail sanction resulting from a probation violation. She now appeals the district court's refusal to apply a nine-day jail credit toward her sanction. Munoz-Panuco completed her entire sanction and admits this appeal is moot, but still requests review arguing her appeal meets an exception to the prudential mootness doctrine. This court disagrees and dismisses Munoz-Panuco's appeal as moot.

1

FACTUAL AND PROCEDURAL BACKGROUND

Munoz-Panuco pleaded guilty to possession of methamphetamine, a severity level 5 drug felony, and interference with law enforcement, a class A misdemeanor in August 2019. In a separate case, she pleaded no contest to battery, a class B misdemeanor. At the same hearing in October 2019, the district court sentenced Munoz-Panuco for all three convictions. The district court sentenced Munoz-Panuco to 13 months' imprisonment for felony possession of methamphetamine, 12 months' imprisonment for misdemeanor interference with law enforcement, and 6 months' imprisonment for the misdemeanor battery conviction. In accordance with Senate Bill 123 (2003) (see K.S.A. 2020 Supp. 21-6824), providing for substance use treatment for certain persons convicted of drug possession, the district court suspended Munoz-Panuco's 13 months' imprisonment and ordered 18 months' intensive supervised probation (ISP). The district court ordered all sentences to run concurrently.

Munoz-Panuco failed to successfully complete her probation requirements and take full advantage of S.B. 123. In January 2020, just a few months after her original sentencing, the State moved for an order to show cause why Munoz-Panuco's probation should not be revoked. The State alleged that Munoz-Panuco violated her probation by failing to stay in contact or attend meetings with her probation officer, using drugs, and failing to enter inpatient drug treatment. At the probation violation hearing, Munoz-Panuco stipulated to the State's allegations.

Munoz-Panuco's probation officer recommended a 30- or 60-day jail sanction to allow time to set up an inpatient drug treatment program upon her release. The State requested a 30-day jail sanction with no credit for time served. At the time of the hearing, Munoz-Panuco had already been in custody for nine days. Munoz-Panuco asked for a 30-day jail sanction with a 9-day credit for her time in custody awaiting the hearing based on an appellate court decision referred to in the transcript as "State v. Charta."

2

The district court judge and Munoz-Panuco's counsel discussed whether the appellate decision required the district court to give her the requested jail credit. The district court judge explained that "I thought the Court was required to give her credit for that time but not necessarily time on a sentence imposed or a sanction imposed. So that if it was revoked she would of course get credit for that time, that's the way I read that." Munoz-Panuco's counsel responded, "That—that is not my reading. However these are legal issues, reasonable minds may differ and obviously the Court will make the decision there."

The district court disagreed with defense counsel and ordered Munoz-Panuco to serve a 60-day sanction without the 9 days' credit. Rather, the district court gave Munoz-Panuco nine days' credit toward her underlying sentence in the event she ever had to serve it. The district court also permitted the 60-day sanction to be reduced in the event an inpatient facility could take Munoz-Panuco before the end of her sanction. Munoz-Panuco served the sanction.

Munoz-Panuco appealed.

DISCUSSION

Munoz-Panuco appeals the district court's refusal to give her a nine-day credit toward her jail sanction. Munoz-Panuco admits her claim is moot because she already finished serving her sanction and is no longer in custody. Nevertheless, she argues her appeal is a matter of public importance and urges this court to consider the merits based on an exception to the mootness doctrine. Generally, this court only decides actual controversies and does not issue advisory opinions on moot claims. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). An issue is moot when "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact the parties' rights.'"

3

311 Kan. at 584 (quoting *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012).

The mootness doctrine is a judicial policy applied to serve the interests of justice or judicial economy. *Roat*, 311 Kan. at 587. The party alleging mootness has the burden of demonstrating a prima facie case by showing the defendant "has fully completed the terms and conditions of his or her sentence." 311 Kan. at 593. Here, the State met its initial burden because Munoz-Panuco admits she is no longer serving her jail sanction. The opposing party must show that dismissal for mootness would impair defendant's substantial interests. 311 Kan. at 593. Because mootness is prudential and not jurisdictional, this court must analyze whether Munoz-Panuco's desired relief, if granted, would impact her current or future collateral rights and whether an exception prevents dismissal. See 311 Kan at 593.

In opposing dismissal for mootness, Munoz-Panuco argues only that her claim raises an important public interest capable of repetition. Munoz-Panuco failed to allege her claim impacts her collateral rights, and we find no potential impact. Accordingly, this court will consider the merits of her moot claim only if it meets a recognized exception to the mootness doctrine. One common exception preventing dismissal is when an otherwise moot claim is a matter of statewide, public importance capable of repetition. See *State v. Hollister*, 300 Kan. 458, 467, 329 P.3d 1220 (2014); see also *Roat*, 311 Kan. at 585-86, 590 (discussing mootness exceptions).

"[P]ublic importance means something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals." *State v. Hilton*, 295 Kan. 845, Syl. ¶ 5, 286 P.3d 871 (2012). Munoz-Panuco argues that her appeal is of statewide importance and should be decided on the merits to ensure that district courts know the correct legal standard. The Kansas

4

Supreme Court has found that "providing guidance to the district courts" may constitute a matter of public importance. 295 Kan. 845, Syl. ¶ 6. However, additional guidance is unnecessary because a panel of this court previously published an opinion setting forth the applicable law. See *State v. Chardon*, 57 Kan. App. 2d 177, 182, 449 P.3d 1229 (2019) (finding that jail time served awaiting a probation hearing must be applied to any jail time sanction for that probation violation).

The parties agree that *Chardon* controls Munoz-Panuco's claim. In *Chardon*, the defendant failed to fulfill probation requirements and the State argued he violated probation and absconded from supervision. Chardon disputed that he absconded, but stipulated to other violations. Chardon spent 65 days in custody awaiting his probation violation hearing. At the hearing, the district court imposed a 60-day jail sanction and extended Chardon's probation. Chardon requested that the 65 days he spent in custody awaiting the hearing be credited toward his 60-day sanction, but the court refused. On appeal, the panel held that "an offender must receive credit for time served in jail awaiting disposition of a probation violation motion." 57 Kan. App. 2d at 182.

During the probation violation hearing, Munoz-Panuco's counsel argued that an opinion from a panel of this court required Munoz-Panuco's nine days in jail awaiting the hearing be applied as jail credit toward her jail sanction. At that hearing, Munoz-Panuco's counsel may have misstated the name of the applicable case. The district court provided its understanding of the relevant case, although mistaken—and defense counsel failed to provide any further explanation to challenge the court's understanding. Defense counsel explained "that is not my reading" of the case and merely stated reasonable minds could differ about legal interpretations. While true that reasonable minds can, and often do, differ regarding legal analysis—*Chardon*'s holding and relevance are clear. Defense counsel's constrained statements to the district court omitted a full explanation of *Chardon*'s applicability.

Munoz-Panuco requests this court decide the merits of the exact same issue previously decided in *Chardon*. This appeal is not an issue of public importance capable of repetition because it is already decided. A decision by this panel will not establish or clarify the law, and a second or third identical opinion has no legal effect. *Chardon* established the precedent for future district court decisions. See, e.g., *State v. Heim*, 312 Kan. 420, 428, 475 P.3d 1248 (2020) (explaining the doctrine of stare decisis). Moreover, a decision on the merits here will not prevent potential district court misinterpretation.

CONCLUSION

Munoz-Panuco's appeal is moot because she is no longer in custody for her probation sanction and her appeal does not impact her collateral rights. Moreover, no exception to the mootness doctrine prevents dismissal.

Appeal dismissed.